**CHICAGO COLLEGE OF OSTEOPATHIC MEDICINE, Plaintiff,**

v.

**GEORGE A. FULLER COMPANY,
Defendant, Third-Party
Plaintiff-Appellant,**

v.

**SCHMIDT, GARDEN & ERICKSON,
Third-Party Defendant-Appellee.**

No. 85–2814.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1986.

Decided Sept. 12, 1986.

---

See also 776 F.2d 198.

Robert E. Kehoe, Jr., Chicago, Ill., for defendant, third-party plaintiff-appellant.

John R. Doyle, McDermott Will & Emery, Chicago, Ill., for third-party defendant-appellee.

Before POSNER and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

POSNER, Circuit Judge.

The principal question for decision is whether the fee of an expert witness, other than one appointed by the court, can be taxed under 28 U.S.C. § 1920 as a cost of suit to the winning party (meaning, of course, that the losing party has to pay for it), upon a finding that the witness was necessary to the winner's case. We held some years ago that it cannot be, but a dictum in a subsequent case places the authority of our holding under a bit of a cloud, so we have decided to consider the question afresh.

The Chicago College of Osteopathic Medicine brought a diversity suit against the George A. Fuller Company seeking damages for breach of a construction contract. Fuller filed a cross-claim against the architect who had designed the construction project, Schmidt, Garden & Erickson ("SGE" for short), for negligence in design. The Chicago College of Osteopathic Medicine then filed its own cross-claim against SGE. The only claim that was actually tried was Fuller's claim against SGE. SGE won, and we affirmed. 719 F.2d 1335 (7th Cir.1983). SGE then submitted a bill of costs for almost $151,000, of which more than $128,000 were for the fees that SGE had paid its expert witnesses. Fuller objected, arguing that fees paid to expert witnesses retained by a party rather than by the court are not taxable as costs and that in any event costs should be apportioned between the two cross-claimants rather than loaded entirely onto Fuller. The district judge rejected Fuller's arguments and confirmed the bill of costs, noting with respect to expert-witness fees that the testimony of SGE's expert witnesses had been "crucial to the resolution of the claims," because "the acts Fuller complained of were not within the realm of jurors' common experience and expert testimony was required." Fuller appeals.

We shall spend little time on its complaint regarding apportionment. The college's cross-claim against SGE, filed after Fuller's cross-claim, was not the subject of any pre-trial discovery or evidence at trial; all of the costs that SGE seeks to recover were incurred in its litigation with Fuller.

The difficult question is whether the costs for which Fuller must reimburse SGE include the fees that SGE paid its expert witnesses. Analysis must begin with the Supreme Court's holding in *Henkel v. Chicago, St. Paul, Minn. & Omaha Ry.*, 284 U.S. 444, 446–47, 52 S.Ct. 223, 224–25, 76 L.Ed.2d 386 (1932), that "additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the Federal courts.... The Congress has dealt with

the subject comprehensively and has made no exception with respect to the fees of expert witnesses." Section 1821 of the Judicial Code (and its predecessor when *Henkel* was decided, see 28 U.S.C. §§ 600a–605 (1934 ed.)) entitles witnesses to a modest attendance fee (now $30 per day, 28 U.S.C. § 1821(b)) plus travel and subsistence. Section 1920(3) of the Judicial Code, like its predecessors, provides for the taxing, as costs, of "fees and disbursements for ... witnesses." Putting the two provisions together, one sees that the fees and disbursements that a party lays out for witnesses in accordance with section 1821 are taxable as costs under section 1920(3). But, *Henkel* holds, additional amounts paid expert witnesses cannot be taxed as costs in cases in the federal courts. One might be tempted to question the decision as an original matter. The purpose of setting forth a schedule of witness fees was to provide minimum compensation for ordinary witnesses, some subpoenaed against their will, who would otherwise get nothing for their time and trouble, see H.R.Rep. No. 308, 69th Cong., 1st Sess. (1926); it was not to answer the question whether a party who voluntarily paid an expert witness a fee would be able to recover it in his bill of costs if he won. But unless something has happened in the last 54 years to undermine the authority of *Henkel*, the district court was not authorized to tax SGE's expert-witness fees against Fuller.

One thing that has happened since is that in 1938 the Federal Rules of Civil Procedure were promulgated. Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." But the Advisory Committee's Note states that the rule was not meant to affect the version of 28 U.S.C. § 1920 in force in 1938 (28 U.S.C. § 830 (1934 ed.)). The purpose of Rule 54(d) was not to expand the categories of taxable costs but to establish a default rule—a rule to govern in the absence of express direction; the rule was that if the court made no order concerning costs, they were to be taxed automatically to the winning party.

Many years later Congress made express provision for the fees of expert witnesses retained by the court rather than by a party. Section 1920(6) of the Judicial Code provides for taxing as costs the "compensation of court appointed experts," as does Rule 706(b) of the Federal Rules of Evidence. But SGE's expert witnesses were not appointed by the court. Fees incurred in responding to a request for discovery of a party-retained expert witness can be reimbursed under Fed.R.Civ.P. 26(b)(4)(C), but that is equally irrelevant here.

We do not believe that the Supreme Court stepped back from *Henkel* in *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The issue in *Farmer* was whether a district court could tax as costs the travel expenses of a witness who had come to court from beyond subpoena range. The Court held it could. Nothing in Rule 54(d) or in 28 U.S.C. §§ 1821 or 1920 suggests that a witness's travel expenses cannot be reimbursed if he comes from beyond subpoena range. Just because he cannot be subpoenaed to testify does not mean that if he testifies voluntarily the travel expenses that he incurs are not reimbursable.

*Farmer* does say, "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute," 379 U.S. at 235, 85 S.Ct. at 416, implying that these judges have some power to add to the list of taxable items in section 1920. The statement is dictum, meaning that it can be detached from the rest of the opinion without serious damage to what remains. The case was about travel expenses, which are specifically allowed by statute; the issue was, as we have said, whether the judge's statutory authority to award such expenses was cut off by the rule that (with immaterial exceptions) limits the range of a subpoena served outside the district to 100 miles from the place of hearing or trial. See Fed.R.Civ.P. 45(e)(1).

In any event the dictum does not read directly on the present case, for while Rule 54(d) may conceivably allow the taxa-

tion as costs of items omitted by Congress, perhaps inadvertently, from sections 1821 or 1920, witness fees are not an omitted item; they are provided for expressly in both sections. Section 1920 even contains an express provision on expert-witness fees, though not one of which SGE can avail itself. The question for us is not whether Rule 54(d) allows any room for awarding costs not expressly provided for by section 1920, but whether developments since 1932 entitle us to conclude that if the Supreme Court were to revisit the issue of the taxability of expert-witness fees it would overrule *Henkel.* As neither *Farmer* nor anything else (as we shall see) gives us reason to think the Court would overrule *Henkel* if it had a chance to do so, we reaffirm *Adams v. Carlson,* 521 F.2d 168, 172 (7th Cir.1975), which held (after though without citing *Farmer*), on the authority of *Henkel,* that "where, as here, the witnesses involved are expert witnesses, the prevailing party can recover only the statutory amounts prescribed in § 1821 and not additional expert witness fees." A majority of the other circuits agree. See, e.g., *International Woodworkers of America v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir.1986) (en banc); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2678, at pp. 387–88 (2d ed. 1983). (*Murphy v. International Union of Operating Engineers, Local 18,* 774 F.2d 114, 132–34 (6th Cir.1985), comprehensively discusses the case law on both sides of the question.)

Only our dictum in *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 865 n. 14 (7th Cir.1981), that "with respect to witness fees, the only recoverable costs under Rule 54(d), except in exceptional circumstances, are those specified in 28 U.S.C. § 1821," must give us some pause. SGE invites us to read the words "except in exceptional circumstances" as denoting cases where the expert testimony was not just helpful, but necessary, as we may assume it was here. But we prefer to interpret the reference to "exceptional circumstances" as merely a prudent reluctance to shut the door entirely to reimbursing witness fees beyond the boundaries of the statute. Un-

able to divine the future, judges hesitate to state hard-and-fast rules which foreclose any future appeal to circumstances not foreseen at present. By speaking with caution they do not mean to create exceptions that swallow the rule.

But that would be the consequence if "exceptional circumstances" meant that the expert testimony need only be "necessary" or "crucial" for the expert witness's fee to be taxable as a cost of suit. Since it is hard to gauge the effect of a particular piece of evidence on a jury, or even on the trial judge in a bench trial, a test of necessity will come down to whether the expert testimony was important to the prevailing party's case or merely a frill. If the former, then under SGE's approach the judge must allow the fees of the expert witnesses to be taxed as costs. Expert testimony is required as a matter of law in most cases of malpractice, i.e., of professional negligence. The last time this case was here we held that Fuller had to present expert testimony in order to prove SGE's negligence, see 719 F.2d at 1346, and this implied that SGE would, as a practical matter, have to present such testimony also, to rebut Fuller's testimony effectively. And in a great deal of complex litigation, including most patent and antitrust litigation, expert testimony is a practical if not legal necessity. A "necessary" or "crucial" test would create a presumption in favor of taxing the prevailing party's expert-witness fees to the loser. The extraordinary would become the ordinary.

Such a result cannot be squared with *Henkel;* and given the magnitude of expert-witness fees in major litigation—in this case they were more than six times greater than all the other items of cost together—it is apparent that by affirming the district court in this case we would be transforming the status of costs, long understood in our system as a relatively minor category of litigation expense except in cases (irrelevant here) where a statute allows attorney's fees to be taxed as costs. If expert-witness fees can be awarded as costs when the services bought with them

are "necessary" or "crucial," why not the costs of a computerized document-retrieval system, or of paralegals, or for that matter of attorneys? What would be left of the "American rule," whereby with narrow exceptions the winning party must bear the expense of his side of the lawsuit? See, e.g., *Coyne-Delaney Co. v. Capital Development Bd.*, 717 F.2d 385, 393 (7th Cir. 1983). If such major inroads into the American rule are to be made as SGE advocates in this case, they will have to be made by the Court that decided *Henkel* —and that strongly reaffirmed the American rule in *Alyeska Pipeline Service Co. v. The Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)—and not by us.

Our ruling, however, speaks only to cases such as the present, where no statute authorizes the award of attorney's fees to the winning party. As explained by Judge Rubin in his dissent in the *Champion Int'l* case, there is an element of paradox in allowing the winner to recover his attorney's fees but not expert-witness fees, see 790 F.2d at 1181–93; and we have held, as have other courts, cited in Judge Rubin's dissent, that the attorney's fee to which such fee-shifting statutes refer "includes out-of-pocket expenses in preparation for trial." *Henry v. Webermeier*, 738 F.2d 188, 192 (7th Cir.1984). *Henry* did not involve expert-witness fees, however, and their mention in *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir.1984), as an illustration of the preparatory expenses that are to be assimilated to attorney's fees in cases where an attorney's fee-shifting statute is applicable, is dictum. True, not to assimilate costs to attorney's fees might go against the purpose of a fee-shifting statute. (Compare the Equal Access to Justice Act, which explicitly includes expert-witness fees among the expenses shifted to the prevailing party when the Act applies, see 28 U.S.C. § 2412(d)(2)(A).) And it might also cause inefficient substitutions: lawyers would have an incentive to undertake tasks that expert witnesses, paralegals, and secretaries might be able to perform better and cheaper. But while

nothing in this opinion is intended to cast doubt on the propriety of lumping costs in with attorney's fees where there is an attorney's fee-shifting statute in play, that is not an issue we need resolve today. We mention it only to make clear that it remains open.

The order on costs is reversed and the case remanded to redetermine them in accordance with this opinion. Rule 18 shall not apply on remand.

REVERSED AND REMANDED WITH DIRECTIONS.