Timothy S. TYLER, Shelly Childs Tyler, Plaintiffs,

v.

Timothy MEOLA, Guy L. Severino, Jr., Mark Meola, Se-Me, Inc., etc., Defendants.

No. C85–1072Y.

United States District Court, N.D. Ohio, E.D.

Dec. 29, 1986.

185

David L. Grant, Harry J. Jacob III, Grant, Resnick & Musurca Co., LPA, Chesterland, Ohio, for plaintiffs.

David C. Sheldon, Ashtabula, Ohio, Timothy D. Johnson, Rhoa, Follen, Rawlin & Johnson Co., LPA, Cleveland, Ohio, for defendants.

ORDER GRANTING JUDGMENT FOR PLAINTIFF, TIMOTHY TYLER, AND AGAINST DEFENDANT, SE–ME, INC., ON COUNT ONE

KRENZLER, District Judge.

A six-count complaint in this matter was filed with this Court by plaintiffs on April 10, 1985. Count One alleges that defendant Se-Me, Inc. failed to pay plaintiff Timothy Tyler certain overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Counts Two through Six allege various related claims arising under state law.

On November 3, 1986, defendant Se-Me, Inc. made an offer to allow judgment to be taken against it on Count One in the amount of $1,100, pursuant to Fed.R.Civ.P. 68. In addition, the offer stated that judgment should also be rendered "for those costs which are directly attributable to Count One." Plaintiff Timothy Tyler accepted Se-Me, Inc.'s offer of judgment on November 5, 1986, and further requested that the Court grant reasonable attorney fees on Count One as costs. On November 13, 1986, defendant filed a response to plaintiff's acceptance, stating that the $1,100 is in total settlement of all claims in Count One including back wages, liquidated damages and attorney fees.

This case demonstrates a continuing problem regarding attorney fees where attorneys do not adequately express themselves. In a normal FLSA or civil rights case, if the case is litigated and plaintiff prevails, then the awarding of reasonable attorney fees to the plaintiff is appropriate. *See* 29 U.S.C. § 216; 42 U.S.C. § 1988. Usually, the issue of the awarding of attorney fees arises by way of a post-judgment motion filed by the prevailing party. Thus, attorney fees are the by-product of relief to the prevailing party.

Problems arise in FLSA and civil rights cases that settle where nothing is said in the settlement agreement regarding attorney fees. In such cases, the plaintiffs argue that the agreed upon settlement figure does not include the attorney fees mandated to be paid by statute by the defendants. To the contrary, defendants argue that the settlement figure includes an amount settling the attorney fees claim.

In the normal case, this Court concludes that when parties sign a settlement agreement, they usually contemplate that *all*

claims among them are settled, including any claims for attorney fees. Thus, whenever a matter is settled for an agreed upon amount in a case where the awarding of attorney fees is appropriate, and the settlement agreement does not provide for an express condition regarding attorney fees, this Court will assume as a matter of law that the agreement settles *all* claims, including any claims for attorney fees. If the parties do not intend to include attorney fees as part of the settlement figure, such language is easy to include in the settlement agreement. Parties to litigation are admonished to specifically state what is covered by their settlement agreements, otherwise legal consequences will flow from their omissions.

The instant case, however, is not a normal settlement case. The present case involves a Rule 68 offer of judgment by defendant Se-Me, Inc. Rule 68 provides in pertinent part:

At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. If within ten days after service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with proof of service thereof and thereupon the Clerk shall enter judgment.

Pursuant to Rule 68, a plaintiff may accept a defendant's offer and recover judgment for the amount specified in the offer plus accrued costs. The costs specified in Rule 68 include reasonable attorney fees where such fees are authorized by the substantive statute at issue in the litigation. *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Fulps v. City of Springfield Tennessee*, 715 F.2d 1088 (6th Cir. 1983). The statute at issue in this litiga-

tion, the Fair Labor Standards Act, provides that the Court in a FLSA case "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216.

In the instant case, the defendant Se-Me, Inc. filed a Rule 68 offer to allow judgment to be taken against it on Count One in the amount of $1,100. Defendant's offer did not state whether attorney fees were included in this settlement figure. Plaintiff Timothy Tyler accepted this offer and also filed, in effect, a motion for attorney fees. Defendant subsequently attempted to clarify its Rule 68 offer by stating that the settlement figure of $1,100 included attorney fees.

 Upon consideration, the Court finds that the costs associated with Count One of the complaint include plaintiff's reasonable attorney fees. Unlike the normal settlement situation, it is incumbent upon the movant under Rule 68 to expressly state that the offer of judgment figure includes an amount setting any claims for attorney fees. Accordingly, this Court concludes that plaintiff is entitled to those costs and reasonable attorney fees associated with the disposition of Count One, in addition to the amount of the judgment offered by defendant Se-Me, Inc. and accepted by plaintiff Timothy Tyler.

The Court likens this situation to a typical offer and acceptance between parties to a contract. The clarification submitted by defendant was too late since the plaintiff had already accepted defendant's Rule 68 offer of judgment. If the defendant had intended to include attorney fees as part of the $1,100, it should have explicitly stated this in the original offer.

Accordingly, this Court grants judgment for plaintiff Timothy Tyler and against Se-Me, Inc. on Count One of the complaint in

the amount of $1,100, plus the costs and reasonable attorney fees incurred by plaintiff that are associated with the disposition of Count One. The parties shall follow the procedures outlined by the Court in its Order Re: Applications or Petitions for Attorney's Fees for a determination of the amount of attorney's fees on Count One which shall be awarded to plaintiff.

IT IS SO ORDERED.