Peter T. ZACKAROFF,
Plaintiff–Appellee,
Cross–Appellant,

v.

KOCH TRANSFER COMPANY, Steven Steidinger, and Moran & Carroll, Defendants–Appellants, Cross–Appellees.

Nos. 88–3097, 88–3133.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1988.

Decided Dec. 7, 1988.

See also, 6th Cir., 862 F.2d 1257.

Andrew J. Michaels, Michaels & McGown, Akron, Ohio, Dale A. Bernard, argued, Ulmer & Berne, Cleveland, Ohio, for Peter T. Zackaroff.

John A. Neville, Roy A. Hulme, argued, Reminger & Reminger Co., Cleveland, Ohio, for defendants-appellants, cross-appellees.

Before KEITH, GUY and RYAN, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

This appeal challenges the district court's ruling on post-trial motions for costs filed by both the plaintiff and by the defendants. Plaintiff had been awarded a money judgment by a jury in this wrongful death action but the judgment was less in amount than had been offered by the defendants prior to trial pursuant to Fed.R.Civ.P. 68. The district court concluded that attorney fees were not awardable costs to the defendants under Fed.R.Civ.P. 68. The district court further concluded that plaintiff, although the prevailing party, was not entitled to costs (pursuant to Fed.R.Civ.P. 54(d)) incurred prior to defendants' offer of judgment. We affirm the district court's ruling on the defendants' Rule 68 costs motion, vacate the ruling on the plaintiff's Rule 54(d) motion, and remand the case for proceedings consistent with this opinion.

I.

The underlying action in this appeal is a wrongful death claim brought by plaintiff, Peter T. Zackaroff, as administrator of the estate and on behalf of the five minor children of decedent, Maureen Kaviris, who was struck and killed by a tractor-trailer truck on June 4, 1984. On July 8, 1987, approximately two weeks prior to trial, the defendants, pursuant to Fed.R.Civ.P. 68, made an offer of judgment in the amount of $250,000.00. The defendants' offer was not accepted and the case proceeded to trial. A directed verdict in favor of plaintiff was rendered on the issue of liability; thereafter, the jury returned a total verdict in the amount of $170,700.00.[1] The Rule 68 offer of judgment made by defendants exceeded the amount ultimately awarded to plaintiff by the jury.

On August 18, 1987, defendants filed a motion for costs pursuant to Fed.R.Civ.P. 68. The statement of costs included $20,256.25 in attorney fees and $3,322.75 in various expenses incurred following submission of the July 8, 1987, offer of judgment.

On October 9, 1987, plaintiff, as the prevailing party, filed a motion for costs pursuant to Fed.R.Civ.P. 54(d), in the amount of $10,926.49, to cover costs incurred during the period between the original filing of suit and the July 8, 1987, submission of the

---

1. Judgment was entered against defendants in the amount of $5,700 on the survival action and $165,000 on the wrongful death action.

defendants' offer of judgment. The $10,-926.49 figure does not include the cost of attorney fees incurred by the plaintiff.

On January 8, 1988, the district court issued an order finding that, pursuant to Rule 68, the defendants were entitled to recover the $3,322.75 in costs incurred since making the offer of judgment, but that the $20,256.25 in attorney fees incurred since the making of the offer were not awardable under the rule. The district court also concluded that plaintiff was not entitled to an award of costs as the prevailing party.

## II.

### Rule 68

The defendants argue that the attorney fees incurred in this case should be included as costs awardable under Rule 68. Federal Rule of Civil Procedure 68 states in pertinent part: "If the judgment finally obtained by the offeree is not more favorable than the offer [of judgment], the offeree must pay the costs incurred after the making of the offer."

In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975), the Supreme Court examined the question of whether courts may, where there is no applicable statutory authorization to do so, award attorney fees under "any of the exceptions to the general 'American rule' that the prevailing party may not recover attorneys' fees as costs or otherwise." The Court concluded that it would be inappropriate for courts to fashion an exception to the general rule, and that it is for the legislature to make "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various ... rights." *Id.* at 260, 95 S.Ct. at 1623 (footnote omitted). *Accord*

*Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Fulps v. Springfield*, 715 F.2d 1088 (6th Cir.1983). In other words, the costs provided for in Rule 68 include reasonable attorney fees only where such fees are authorized by the substantive statute at issue in the litigation. *Coleman v. McLaren*, 92 F.R.D. 754, 757 (N.D.Ill.1981), *aff'd*, 796 F.2d 477 (7th Cir. 1986); *see also Tyler v. Meola*, 113 F.R.D. 184, 186 (N.D.Ohio 1986). The Illinois wrongful death statute, pursuant to which this case was decided, does not provide for such fees. Further, defendants concede they know of no case law supporting their suggested interpretation of the rule. *See* Ill.Rev.Stat., ch. 70, para. 1, *et seq.* Therefore, we find that the district court properly concluded that defendants are not entitled to an award of attorney fees incurred since the filing of their Rule 68 judgment. We affirm the district court's order in this regard.[2]

### Rule 54(d)

Plaintiff argues that the district court erred in denying the plaintiff's motion, brought pursuant to Rule 54(d), for costs which plaintiff incurred during the time between the filing of suit and the defendants' offer of judgment. Federal Rule of Civil Procedure 54(d) states in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...."

"The general principle under Rule 54(d) is that costs go as of course to the prevailing party, subject to the district court's discretion to direct otherwise." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.71[2] (2d ed. 1988). This general principle under Rule 54(d) ap-

---

**2.** We note also that some district courts in this circuit have provided by local rule for mediation of cases and, where a plaintiff rejects a mediation panel's recommendation and then recovers less at trial, a liability for costs is imposed. Costs are specifically defined in the rule to include attorney fees and such fees are limited to those generated during the actual trial of the case. *See, e.g.,* Local Rule 32(k), United

States District Court for the Eastern District of Michigan, which states: "Actual costs include those costs and fees taxable in any civil action and, in addition, any attorney fee for each day of trial as may be determined by the Court. The filing of an application for attorney fees is governed by Local Rule 17(n)." It is made clear in such rules that attorney fees are a part of costs only because specifically authorized.

plies even when the successful party is not awarded his entire claim. *See, e.g., Thomas v. SS Santa Mercedes,* 572 F.2d 1331 (9th Cir.1978). Although trial courts are afforded considerable discretion in taxing costs under the rule, where there is no reason or there is insufficient reason given by the trial court for its departure from the normal practice of awarding costs to the prevailing party, an appellate court may vacate the trial court's order denying costs. *See, e.g., Constantino v. American S/T Achilles,* 580 F.2d 121 (4th Cir.1978).

In the January 8, 1988, order denying plaintiff's motion for costs pursuant to Rule 54(d), the district court explains its decision not to award costs to plaintiff as follows:

> Further there is no statutory or other basis for awarding plaintiff ... costs ... as a "prevailing party." Under the American Rule generally applied, each party is to bear his own costs of litigation.... That rule may be varied by statute but is not in this case. Therefore, plaintiff is not entitled to any award as a prevailing party and his motion is denied.

As we discussed above, however, there is ample "statutory or other basis" for the award of costs sought by the plaintiff as prevailing party, and such an award is appropriate in this case. *See also Crossman v. Marcoccio,* 806 F.2d 329, 331–32 (1st Cir.1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). We therefore vacate the portion of the district court's order denying plaintiff's motion for costs incurred prior to the defendants' offer of judgment and remand for proceedings consistent with this opinion. In so doing, we remind the parties of the limitations imposed by 28 U.S.C. § 1920 regarding the nature of the items properly taxable as costs. *See, e.g., Dowdell v. Apopka,* 521 F.Supp. 297 (M.D.Fla.1981), *aff'd in part, rev'd in part,* 698 F.2d 1181 (11th Cir.1983).

AFFIRMED IN PART, VACATED IN PART, and REMANDED.