**Walter J. WOERN and Delores Woern**

v.

**K MART CORPORATION.**

Civ. A. No. 89–0475.

United States District Court, E.D. Pennsylvania.

June 21, 1990.

Roger F. Gordon, Allen L. Rothenberg Associates, Philadelphia, Pa., for plaintiff.

Christopher J. Pakuris, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer, Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

In this diversity action, defendant seeks to recover costs and attorney fees pursuant to Federal Rule of Civil Procedure 68. For the reasons set forth below, recovery will be denied.

## DISCUSSION

This case arose out of an accident that occurred at a K–Mart store in Northeast Philadelphia. Plaintiff claimed that while he was shopping at K–Mart, a box fell on him causing serious injury.[1] Prior to trial and in accordance with the procedure set forth in Rule 68, defendant made an offer of judgment in the amount of $23,854.85. Plaintiff did not act upon the offer and the case then proceeded to trial. The jury returned a verdict in favor of the defendant and I entered judgment accordingly.

The relevant portion of Rule 68 reads as follows: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68. While this language might seem to support the argument that defendant is now entitled to recover its costs from the date on which defendant made the offer of judgment, the Supreme Court has definitively settled the issue in a way that forecloses that result. In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the Court found that Rule 68 does not apply to a situation in which, as here, judgment is

---

**1.** It was established at trial that the box contained several pairs of bedroom slippers.

entered in favor of a defendant. The Court held that Rule 68 applies only to cases in which the plaintiff, rather than the defendant, obtains a judgment. *Id.* at 351, 101 S.Ct. at 1149. In this case, Rule 68 would have applied if the plaintiff had won and the jury had awarded damages in an amount lesser than $23,854.85.[2] Accordingly, defendant's bill of external fees/costs pursuant to Rule 68 shall be denied.

2. Because I have determined that Rule 68 is inapplicable to this case, I do not reach the issue of whether the word "costs" in Rule 68 includes defendant's attorney fees. I simply note that the weight of authority suggests that it does not.

*E.g., Zackaroff v. Koch Transfer Co.,* 862 F.2d 1263 (6th Cir.1988) (costs provided for in Rule 68 include reasonable attorney fees only where such fees are authorized by the substantive statute at issue in the litigation).