Tony Earl **ANDREWS** and Nancy
Sue Andrews, Plaintiffs,

v.

**SUZUKI MOTOR CO., LTD.**, a Japanese
corporation, and U.S. Suzuki Motor Corporation, a California corporation, Defendants.

No. NA92–43–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Feb. 3, 1995.

Peter Perlman, Peter Perlman Law Offices, P.S.C., Lexington, KY, David V. Scott, New Albany, IN, for plaintiffs.

Randall R. Riggs, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for defendants.

*ENTRY*

GODICH, United States Magistrate Judge.

This cause is before the Court on Defendants' BILL OF COSTS, PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS, and DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR BILL OF COSTS AND IN RESPONSE TO PLAINTIFFS' OBJECTION. The Court, having reviewed the Bill of Costs and considered Plaintiffs' objections, and being duly advised, now finds that several of Plaintiffs' objections are well taken, and accordingly, allows Defendants' Bill of Costs in part.

■ The Federal Rules of Civil Procedure instruct the Court that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d). Congress has set forth, in 28 U.S.C. § 1920, the costs to be awarded:

A judge or clerk of any court of the United States may tax as costs the following;

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Whether or not to award specific costs is within the discretion of the court, but the Seventh Circuit has made clear that if the cost is listed in § 1920, a presumption exists that it will be taxed; conversely, if the cost is not listed in § 1920, the court should exercise its discretion sparingly in taxing such a cost. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d

1237, 1242 (7th Cir.1985). In fact, a somewhat subtle (and unresolved) debate rages on in this circuit whether the trial court has **any** discretion to tax the cost of something not expressly enumerated by § 1920 (or its equivalent). *Compare Northbrook Excess and Surplus Insurance Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991) *with Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361, 1368 n. 10 (7th Cir. 1990).

Plaintiffs have objected to the taxing of certain expenses itemized in Defendants' BILL OF COSTS. Some of these objections have merit. Further, upon examination the Court finds it necessary, *sua sponte,* to decline to tax certain costs requested by Defendants. The Court's declinations and Plaintiffs' objections are each dealt with below.

### 1. WITNESS FEES[1]

*Costs Requested by Defendants:*

Witness fees in the amount of $65.00 each for witnesses Kenneth Saltzgaver and Carl LaHue. Witness fees in the amount of $893.34 for expert witness Kris D. Kubly and $663.16 for expert witness P. Robert Knaff.

*Plaintiffs' Objection:*

None.

*Court's Disposition:*

██ Witnesses are entitled to a per diem statutory amount of $40.00 for attendance in court or appearance at a deposition. 28 U.S.C. § 1821. Section 1821 also provides for the reimbursement of certain travel expenses and the payment of a subsistence allowance to those witnesses who must stay overnight as a result of having to testify. Expert witnesses are treated *no differently* by § 1821 than other fact witnesses; expert witness fees are therefore not taxable. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.,* 801 F.2d 908 (7th Cir. 1986).

Kenneth Saltzgaver and Carl LaHue each testified only one day. Defendants have not submitted the requisite documentation to en-

titled them to reimbursement for mileage or other expenses. They are entitled to only $40.00 each.

Defendants' BILL OF COSTS lists a $50.00 cab fare charge for Kris Kubly, which is incorrect. Kubly's invoice lists the fare at $28.00.[2] Only $28.00 will be taxed.

██ Defendants seek reimbursement for food and lodging charges incurred by Kubly and Robert Knaff. Defendants are not entitled to be reimbursed for these expenses, however, because the statute provides for a subsistence allowance and not reimbursement. 28 U.S.C. § 1821(d). The per diem allowance for Federal Government employees at the time of trial in New Albany was $71.00. Kubly and Knaff are thus entitled to $71.00 for each day it was necessary for them to stay in New Albany in order to testify. As Defendants seek two days' per diem for Kubly and one for Knaff, and the Court finds this reasonable, it follows that Kubly would be entitled to two nights and Knaff to one night. Thus, Defendants will be entitled to tax $142.00 for Kubly and $71.00 for Knaff in lieu of the lodging and meal expenses sought.

All other transportation expenses for Kubly and Knaff sought by Defendants are reasonable and will be taxed.

In accordance with the foregoing, the Court will disallow $142.97 of Defendants' $1,686.63 bill in this category; this allows $1,543.53 in expenses to be taxed.

### 2. COPIES

*Costs Requested By Defendants:*

Defendants seek reimbursement for the cost of obtaining various medical and other records, for the cost of enlarging certain exhibits for trial, for the cost of a ground survey, for the cost of storing and transporting the exemplar ATV, and for the cost of creating and copying video tapes intended as exhibits.

*Plaintiffs' Objection:*

The cost of obtaining a survey is not a copying expense. The cost of storing and

---

**1.** The categories of costs are Defendants'. Plaintiffs addressed them as Defendants organized them, and so will the Court.

**2.** The item above the cab fare is $50.00.

transporting the exemplar ATV is not a copying expense. Only the cost of copies of exhibits that were actually introduced into evidence should be taxed.

*Court's Disposition:*

■ Plaintiffs' first objection is well-taken. The expense of a survey is essentially payment for a service, not for the cost of reproducing a piece of paper with a map on it. It does not fall within § 1920.

■ Plaintiffs' second objection is likewise well-taken for the same reason. The shipping and storage of an ATV, even one used as an exhibit, is not an exemplification or a copy of a paper. *See* 28 U.S.C. § 1920(4).

■ Plaintiffs' third objection here is, on the other hand, not well-taken. The Court does not believe that the language "necessarily obtained for use in the case" means that a copy or the original must be admitted into evidence for the copy to have been "necessarily obtained." In order to be properly prepared for trial, an attorney will necessarily obtain records and make copies which, for one reason or another, are not ultimately introduced as an exhibit at trial. Adequate trial preparation will not be discouraged by this Court, only costs associated with extravagant, useless, or obviously unnecessary copies. The cost of Defendants' paper copies will thus be taxed.

■ The Court will not tax, however, the expense of editing video tapes. This is a service, not a copy, and is not listed in § 1920. The cost of video tapes and video duplication are of sufficient similarity to the copying of papers that the Court believes they properly fall within § 1920.[3]

■ Finally, while acknowledging that it is a close call, the Court will permit Defendants to recover the cost of having enlargements made. The Court wishes to encourage, for purposes of efficiency, the use of enlargements as opposed to passing copies to the jury. The Court therefore finds that these enlargements were reasonable and necessary, and also notes that both parties used them extensively during trial.

In accordance with the foregoing, the Court will disallow $6,981.24 of Defendants' $9,837.33 bill in this category; this allows $2,856.09 in expenses to be taxed.

### 3. DEPOSITION EXPENSES

*Costs Requested By Defendants:*

Court reporter fees, expert attendance fees, a telephone call expense and the cost of renting three conference rooms.

*Plaintiffs' Objections:*

No deposition costs should be taxed because no depositions were introduced into evidence. Expert witness fees are not costs. Many of the costs submitted by Defendants are unreasonable.

*Court's Disposition:*

■ Plaintiffs' first objection is rejected for the same reasons it was rejected above concerning copies.

Plaintiffs' second objection is correct for the reasons discussed above. Whether the testimony is given at trial or a deposition, a witness, be she expert or fact, is entitled only to the $40.00 per diem. Each expert fee requested will be reduced to the per diem amount for one day, as it does not appear that any deposition lasted more than a day.[4]

■ The Court finds the other deposition charges reasonable, with one exception. The expense of a computer disk apparently containing the testimony of Randy Nelson is duplicative of the transcript which was also obtained. This expense will therefore not be taxed.

In accordance with the foregoing, the Court will disallow $2,486.00 of Defendants' $7,681.54 bill in this category; this allows $5,195.54 in expenses to be taxed.

---

**3.** Kubly's invoice of August 6, 1993 contains $44.00 of charges for video tape with the remainder for labor and editing equipment expenses. Only the former will be allowed.

**4.** The invoice of Edward W. Karnes contains, in addition to his deposition fee, charges for photocopying. This will not be taxed because it is not supported by sufficient documentation for the Court to determine the necessity of the copies.

*Conclusion*

Defendants' BILL OF COSTS seeks reimbursement for $19,205.37 in expenses. The Court finds that $9,610.21 of the costs requested should not be allowed. Accordingly, Defendants are entitled to have costs taxed in the amount of $9,595.16.