James PHILLIPS and Candice Phillips, Plaintiffs,

v.

Danny Dee BARTOO, Defendant.

No. 94 C 163.

United States District Court, N.D. Illinois, Eastern Division.

May 22, 1995.

Timothy F. Kelly, Timothy F. Kelly & Associates, Munster, IN and Harvey Karlovac, Atty., Chicago, IL, for plaintiffs.

Thomas Jefferson Ramsdell, Torshen, Spreyer & Garmisa, Ltd., Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of Defendant Danny Dee Bartoo for costs. For the following reasons, the motion is granted in part. Plaintiff shall pay Defendant "taxable costs" in the amount of eighty dollars.

### Facts

Plaintiff James Phillips ("Mr. Phillips") sustained injuries to the cervical region of his back as a result of a collision between his automobile and the automobile owned and driven by Defendant Danny Dee Bartoo ("Bartoo"). Mr. Phillips and his wife, Candice Phillips ("Mrs. Phillips") brought this diversity action against Bartoo alleging that Bartoo negligently operated his automobile, causing the automobile to collide with Mr. Phillips' vehicle. Mr. and Mrs. Phillips sought compensation for medical expenses, pain and suffering, and loss of consortium.

On November 9, 1994, Bartoo filed with this court an offer of judgment upon Plaintiffs, pursuant to Rule 68 of the Federal

Rules of Civil Procedure, in the amount of $5,000.00. This offer was not accepted within ten days. Therefore, by the terms of the offer, the offer was withdrawn effective November 19, 1994. A jury trial ensued.

On March 21, 1995, a jury returned a verdict in favor of Mr. and Mrs. Phillips against Bartoo in the amount of $833.25. Judgment was subsequently entered by this court. On April 4, 1995, Bartoo filed this motion for costs he incurred after November 9, 1994, the date he filed his offer of judgment. In his motion, Bartoo requests $750 for the preparation, time, and testimony of Dr. Marshall Matz; $322.75 for trial testimony of Dr. Cornelius Arnold; $301.28 for his lost income; $700 for his travel to and from Chicago for trial; and $340.17 for hotel accommodations and food expenses incurred during the trial. These items totaled $2,414.20.

### Discussion

■ Rule 68 of the Federal Rules of Civil Procedure provides:

> [A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Fed.R.Civ.P. 68. "[T]he costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition." *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir.1990). The substantive law expanding the § 1920 provisions can be found in either federal or state law. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975).[1] However, absent substantive law authorizing the expansion of § 1920 provisions, Rule 68 "costs" are limited to the definition in § 1920, including court reporter fees, witness fees, and photocopy fees. 28 U.S.C. § 1920(2)–(4). *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir.1988); *Denny v. Westfield State College*, 880 F.2d 1465, 1471 (1st Cir. 1989); *Leroy v. City of Houston*, 831 F.2d 576, 584 (5th Cir.1987). As such, without a specific underlying statute authorizing any other types of "costs" not listed in § 1920, such as attorney's fees, postage, Federal Express fees, and messenger service fees, only the six types of costs listed in § 1920 are "taxable costs" included in Rule 68. *Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209, 217 (7th Cir.1975).

In the case *sub judice*, Bartoo fails to point to any underlying statute authorizing an expansion of § 1920. The court finds no state or federal statute or rule of law authorizing attorney's fees or any other fees outside the scope of § 1920 that applies to the instant automobile negligence claim. As such, the court limits Rule 68 "taxable costs" to those specifically delineated in 28 U.S.C. § 1920.

■ Bartoo apparently only requests witness fees. Bartoo requests fees incurred to attain his expert medical witnesses, Drs. Matz and Arnold, as well as the travel expense fees expended by himself. However, with regard to Bartoo's own travel expenses, it is well-settled that a real party in interest may not collect witness fees. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993); *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977). Although the Seventh Circuit has been "unable to discern a bright line [between a nominal and real party] which can be applied in all cases," *Id.* at 646, the court need not make that inquiry. The case at hand does not involve " 'fuzzy' circumstance[s]." *Id.* The record makes clear that Bartoo is the sole Defendant and a real party to this action. Therefore, the court denies his request

---

1. An example of a federal statute expanding the terms of § 1920 exists in 42 U.S.C. § 1988 in which Congress specifically authorized an award of attorney's fees. *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

for travel expenses, including hotel and food costs, totalling $1,040.17.[2]

 Bartoo also requests recoupment of salary he could have earned had he worked the days he attended the trial. Yet, § 1920 makes no mention of "lost income" when defining "taxable costs." The Supreme Court specifically held that "the discretion given to district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Thus, keeping in mind the above principle, the court also denies Bartoo's request for the sum of $301.28 for income lost due to his absence from work. In doing so, the court reminds Bartoo that a jury of his peers determined that his negligent operation of his automobile proximately caused injury to Mr. and Mrs. Phillips.

Bartoo also attempts to recover $750 for preparation, time and testimony of Dr. Marshall Matz, and $322.75 for trial testimony of [his] treating physician, Dr. Cornelius Arnold. Since § 1920 expressly includes "fees and disbursements for . . . witnesses," 28 U.S.C. § 1920(3), the court finds that the request for such fees is proper. However, this does not end the inquiry. The allowable amount of witness fees is limited by 28 U.S.C. § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir.1986). Pursuant to § 1821, the court is constrained to award only the $40 per day attendance fee for each witness. Drs. Matz and Arnold both testified on March 17, 1995. (Exhibit G, Motion for Costs). Therefore, the court awards Bartoo $40 for the attendance fee of Dr. Matz and $40 for the attendance fee of Dr. Arnold, for a sum of $80.

Faced with the potential to pay $80.00, Plaintiffs in this case felt no incentive to accept an offer of $5,000 when they felt initially that the value of their case exceeded $50,000. It may well be that implanting

incisors into Rule 68 would help to resolve cases. In this case, the Rule 68 Offer of Judgment was silent as to costs and fees other than § 1920. On another day, the court may be asked to rule on the propriety of a Rule 68 Offer of Judgment which specifically includes items such as expert witness fees, travel and lodging expenses, and other expenses truly reflecting what it takes to try a case to verdict before a jury. The risk of refusing an offer of judgment in such circumstances would be more realistic.

## CONCLUSION

For the foregoing reasons, the motion of Bartoo for costs is granted. The court awards Bartoo the "taxable cost" sum of $80.

IT IS SO ORDERED.

---

**2.** The court notes that Bartoo attempts to "double-charge" Mr. and Mrs. Phillips in his Bill of Costs. Bartoo submitted receipts from the AAA Travel Agency as well as the receipts from The Bismarck Hotel. Both bills include hotel room charges for March 15 and 16, 1995.