Yamina SEDRATI, Plaintiff,

v.

**ALLSTATE LIFE INSURANCE COMPANY, Defendant.**

No. 1:95–CV–131–1(WLS).

United States District Court, M.D. Georgia, Albany Division.

July 18, 1995.

Jimmie H. Brown, Ralph O. Scoccimaro, Nancy Elizabeth Quynn, Albany, GA, for plaintiff.

William E. Cannon, Jr., Timothy Ott Davis, Albany, GA, for defendant.

## ORDER

SANDS, District Judge.

Presently before the Court in the above-entitled action is Plaintiff's Motion to Alter or Amend Judgment. Fed.R.Civ.P. 59. Plaintiff urges the Court to alter or amend the judgment in the case to reflect the fact that she prevailed on "the underlying claim by way of summary judgment and is therefore entitled to costs in pursuit of her claim." Pl.'s Mot. Alter or Amend.

### BACKGROUND AND PROCEDURAL HISTORY

The principal cause of action in this case is whether the defendant is liable to the plaintiff for the proceeds of a life insurance contract issued for her brother, Abdelhamid Sedrati ("Mr. Sedrati"). *Compl.* ¶¶ 4–8. Plaintiff further pled a second claim, namely, that the defendant had refused in bad faith to pay the proceeds of the insurance contract, in violation of O.C.G.A. § 33–4–6. *Id.* ¶ 9.

By Order entered December 21, 1995, and amended by Order entered January 10, 1996, the Court granted partial summary judgment in favor of the plaintiff on the first claim of the defendant's liability for the proceeds under the decedent's insurance contract, and denied summary judgment on the plaintiff's remaining bad faith claim.

The Court held a jury trial on the lone issue of whether the defendant was liable for damages and the plaintiff's reasonable attorney's fees for refusing in bad faith to pay the proceeds of the insurance contract. The jury returned a verdict in favor of the defendant, upon which the Court entered judgment as follows:

> IT IS ORDERED AND ADJUDGED that the plaintiff, YAMINA SEDRATI, take nothing, that the action be dismissed on the merits and that the defendant, ALL-STATE LIFE INSURANCE COMPANY, recover from plaintiff the costs of this action.

Doc. No. 161.

The plaintiff timely filed her motion to alter or amend that judgment. Fed.R.Civ.P. 59(e).

### DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

The plaintiff contends that she is the prevailing party because the Court granted summary judgment in her favor on the central claim in her complaint, namely, whether the defendant is liable for $400,000 damages, in accordance with benefits due under the terms of the insurance contract. Pl.'s Br. Supp. Mot. Alter ("Pl.'s Br.") at 4–5. The plaintiff directs the Court to the authority of the decision by the Court of Appeals for the Eleventh Circuit in *Martin v. Heckler,* 773 F.2d 1145 (11th Cir.1985)(en banc), for the proposition that the plaintiff is the prevailing party if she obtains the "primary relief" sought in the complaint. In that case, the Eleventh Circuit held that the plaintiffs were prevailing parties within the meaning of two federal statutory provisions, namely, the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, and the Equal Access to Justice Act, 28 U.S.C. § 2412(b), even though their claims were rendered moot by the defendants' subsequent remedial action. The

Eleventh Circuit explained that the standard was " 'whether he or she has received substantially the relief requested or has been successful on the central issue.' " *Id.* at 1149, *quoting and citing Watkins v. Mobile Housing Bd.*, 632 F.2d 565, 567 (5th Cir. 1980). Upon review of the record, the court found that the plaintiffs were prevailing parties because the defendants' undertook such remedial action only after the plaintiffs had filed suit. 773 F.2d at 1149.

The Eleventh Circuit has articulated a comparable standard for determining whether a party is a prevailing party for the purposes of allocating costs under Rule 54(d). In *Head v. Medford*, 62 F.3d 351 (11th Cir. 1995), the district court granted the defendants' motion for summary judgment only with respect to the plaintiffs' lone federal constitutional claim and declined to retain supplemental jurisdiction over the plaintiffs' remaining state law claims. The Eleventh Circuit determined that costs should be awarded to the defendants who had prevailed only with respect to the plaintiffs' lone federal constitutional claim. The court reaffirmed the standard established by the former Court of Appeals for the Fifth Circuit that under Rule 54(d) " 'a party need not prevail on all issues to justify a full award of costs .... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.' " 62 F.3d at 354, *quoting and citing United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir.1978).[1] The court concluded that "defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs unless the district court has some special reason to deny the costs." 62 F.3d at 355. *Accord Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263 (6th Cir. 1988); *K–2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir.1974); *cf. Tunison v. Continental Airlines Corp.*, 162 F.3d 1187 (D.C.Cir.1998) (holding that the plaintiff was not a prevailing party entitled to costs under Rule 54(d) because she obtained no relief under the judgment after the jury verdict in her favor yet awarded no damages).

The defendant does not dispute the standard by which the Court is required to allocate costs under Rule 54(d). Rather, the defendant contends that there are "two 'prevailing' parties":

> First, the Plaintiff prevailed in her motion for summary judgment and obtained partial summary judgment as to benefits due under the life insurance policy and accrued interest. However, Plaintiff pursued in an equally aggressive manner the issue of bad faith penalties and attorney's fees. In that instance, the Defendant was the "prevailing party."

Def.'s Resp. Pl.'s Mot. Alter at 2. Defendant urges the Court to allocate the costs between the parties so that the plaintiff is awarded costs relating to "her pursuit of the life insurance claim" and the defendant is awarded costs "as to matters concerning the litigation of the bad faith penalty and attorney's fees." *Id.* at 3.

Upon review of the record of the case, the Court finds that the parties's litigation of the claims embraced in the plaintiff's complaint cannot be neatly distinguished, as the defendant asserts. The record shows that after the defendant indicated that it had obtained evidence relating to the fingerprints of the decedent, Mr. Sedrati, on certain post-mortem documents, the plaintiff filed a Motion to Dismiss her bad faith claim. Three days later, the defendant filed a Motion to Set Aside Partial Summary Judgment in favor of the plaintiff based upon its alleged discovery of that fingerprint evidence.

Since the defendant continued to contest *both* the bad faith claim and the insurance claim after the Court granted the plaintiff's motion for partial summary judgment, the Court finds no special reason that may form the basis to deny the costs of the litigation to the plaintiff. *Head, supra*, 62 F.3d at 355.

### CONCLUSION

For the reasons discussed herein, the Court **ORDERS AND ADJUDGE** that the

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as precedent all of the former decisions of the former Fifth Circuit decided prior to October 1, 1981.

Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 162) should be, and hereby is, **GRANTED**.

Accordingly, the Court further **ORDERS** that the prior Judgment entered upon the jury's verdict (Doc. No. 161) should be, and hereby is, **VACATED**.

The Court **DIRECTS** the Clerk to enter the appropriate judgment that reflects the disposition of the claims embraced in this action and allows the plaintiff to recover her costs.