**Joyce A. ROBINSON, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

No. 95 C 6780.

United States District Court,
N.D. Illinois,
Eastern Division.

April 30, 1997.

---

Robert Bruce Thompson, Harrington, Thompson, Acker & Harrington, Ltd., Chicago, IL, for Plaintiff.

John F. Newell, Kenneth John Wysoglad, Robert John Prendergast, Michael J. Sazdanoff, Kenneth J. Wysoglad & Associates, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On December 19, 1996, after a jury trial, judgment was entered in favor of the defendant, Burlington Northern Railroad Company ("Burlington Northern"). Burlington Northern has filed a Bill of Costs, seeking litigation costs of $10,333.77.

The court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

. . . .

28 U.S.C. § 1920.

### Depositions

Burlington Northern seeks $2,477.30 for court reporter fees. § 1920(2). Ms. Robinson does not object. The deponents were Ms. Robinson, and Dr. Steven Rembos, Dr. John Dwyer, and Dr. Boone Brackett, the parties' experts. These costs are taxable.

■ Burlington Northern also seeks $1,595.00 for videotaping, editing, and displaying at trial Dr. Brackett's deposition. The court may tax the costs associated with videotaping or transcribing a deposition. *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993). Here, the costs of transcribing Dr. Brackett's deposition have already been allowed. Burlington Northern does not indicate whether the subject matter of the transcribed deposition was different from that of the videotaped one. However, Ms. Robinson states that reading Dr. Brackett's deposition into the record would have accomplished the same result as displaying the videotape. Burlington Northern could have clarified the issue by filing a reply brief. Therefore, I assume that the transcribed and the videotaped depositions were identical in content and disallow the costs of the latter.

### Witnesses

■ Burlington Northern seeks $4,110.00 for expert witness fees, including $3,750.00 for witness services at depositions and $360.00 for Dr. Brackett's examination of Ms. Robinson. Section 1920(3) authorizes witness fees. However, a payment to a deponent, expert or otherwise, may not exceed the statutory limit of $40.00 for daily attendance. 28 U.S.C. § 1821(b); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Since Burlington Northern seeks fees for Dr. Rembos' one-day deposition, Dr. Brackett's two-day deposition, and Dr. Dwyer's one-day deposition, I will award a total of $160.00. § 1821(a)(1) defines the witness fee specified in § 1920(3), *Crawford Fitting Co.,* 482 U.S. at 444, 107 S.Ct. at 2498–99, and provides for payment only to witnesses who testify at trial or at deposition. Thus, the cost of Dr. Brackett's examination of Ms. Robinson is not taxable.

■ Burlington Northern also seeks $412.43 for travel-related expenses of Terry Stewart, who testified at trial. These are witness fees, authorized by § 1920(3). § 1821(c)(1) allows actual travel expenses for a witness traveling by common carrier, provided the travel is by the shortest practical route and at the most economic rate reasonably available. Mr. Stewart flew from Lincoln, Nebraska to Chicago, Illinois for $208.56. Ms. Robinson does not object to the route or the amount which are reasonable. Accordingly, this expenditure is taxable. Since Mr. Stewart stayed at a hotel for one night, Burlington Northern is entitled to $161.00, a per diem allowance for Chicago according to the Clerk of the Court. § 1321(d). As provided in § 1821(c)(3), Mr. Stewart's taxi, parking, and intra-Chicago train costs, in the amount of $15.00, are also taxable. *Andrews v. Suzuki Motor Co., Ltd.,* 161 F.R.D. 383, 385 (S.D.Ind.1995).

### Copying

■ Burlington Northern seeks $704.11 for duplicating various documents "necessarily obtained for use in the case." § 1920(4). Ms. Robinson objects to the costs of copying the records of Leta Rae LeFevre, $20.00, on the grounds that, due to the plaintiff's sustained objection, the records were never introduced at trial. This argument is without merit because use at trial is not the standard of necessity under § 1920(4). Copies attributable to discovery are normally considered necessary. *NLFC, Inc. v. Devcom Mid-America, Inc.,* 916 F.Supp. 751, 762–63 (N.D.Ill.1996). With respect to the copies of records of Dr. Rembos and the MacNeal Memorial Hospital, Ms. Robinson argues that she produced them to Burlington Northern

at no charge. Extra copies of documents for convenience of attorneys are not necessary. Id. Burlington Northern has not explained why an additional set of document copies was necessary. *Mary M. v. North Lawrence Community Sch. Corp.*, 951 F.Supp. 820, 833 (S.D.Ind.1997) (burden to show necessity is on party seeking costs). Ms. Robinson also objects to $11.25 for copies of "various documents." The corresponding invoice refers to this matter and indicates that the documents were "nursing notes." Since Ms. Robinson's claim was based on an injury allegedly caused by Burlington Northern, these notes were reasonably necessary. *See Jansen v. Packaging Corp. of America*, 898 F.Supp. 625, 628 (N.D.Ill.1995) (description of copying expenses need not be so detailed as to make recovery economically impossible). In sum, $31.25 are taxable as copying costs.[1]

### Exhibits

 Finally, Burlington Northern seeks $1,034.93 for trial exhibits. § 1920(4). From the attached invoice, I gather that the exhibits were enlargements of photographs and documents. Ms. Robinson's claim that there is no indication as to which exhibits were used at trial is without merit. According to the invoice, all exhibits were delivered to my court room. Enlargement costs are taxable if the exhibits were "necessary to the understanding of an issue and a material aid to the jury ... [and not] merely illustrative of expert testimony, other adequate evidence, or argumentative." *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty, Ltd.*, 922 F.Supp. 158, 162 (S.D.Ind.1996) (quotation omitted). The photographic enlargements were necessary to enable the jury to visualize a Burlington Northern rail car, the instrumentality which Ms. Robinson argued injured her, and the accident location. The corresponding costs, $673.54, are therefore taxable. It is not obvious that the document enlargements were also necessary. Therefore, the associated costs are disallowed. *Mary M.*, 951 F.Supp. at 833 (burden to show necessity is on party seeking costs).

---

1. The costs of copying the Indiana Harbor Belt Railroad records, $113.16, are not taxable because Ms. Robinson points out that these records

### Conclusion

For the reasons stated above, Burlington Northern is entitled to costs in the amount of $3,726.65.

pertain to a different matter, and Burlington Northern does not disagree.