**FASA CORPORATION and Virtual World Entertainment, Plaintiffs–Appellees,**

v.

**PLAYMATES TOYS, INC., Defendant–Appellant.**

**No. 96–1554.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1996.

Decided March 6, 1997.

Karen B. Ksander (argued), Catherine A. VanHorn, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Plaintiffs–Appellees.

Mark Van Buren Partridge (argued), Maxine S. Lans, David C. Hilliard, Brett A. August, Marianne E. Ryan, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, IL, Jack D. Samuels, Donald L. Samuels, Samuels & Samuels, Los Angeles, CA, Joel M. Smith, Daniel M. Mayeda, Leopold, Petrich & Smith, Los Angeles, CA, for Defendant–Appellant.

Before BAUER, FLAUM, and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

In this case, we brush against the futuristic universe known as Battletech, where humans powering robots wage a seemingly never-ending war against a race of genetically altered humanoids. We say "brush against," because the question remaining in the case after the district court's careful opinion disposing of FASA's claims of copyright and trademark infringement, dilution, unfair competition, and tortious interference with prospective business advantage in Playmates' favor is all too familiar in our own world: should the district court have granted attorneys' fees to Playmates, as the prevailing party? Although we think it possible that the district court applied the proper legal standard and did not abuse its discretion in denying Playmates its fees, we have reluctantly concluded that the court's order may also have been based on a misapprehension of the standard for copyright cases established in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). We therefore remand the case to the district court so that it may reconsider or clarify its order in light of this standard.

The underlying dispute between FASA and Playmates dealt with the question whether Playmates had impermissibly copied FASA's Battletech line of toys, violating both its copyright and trademark rights (among others) in the process. In a thorough opinion issued after a bench trial (and an opinion of exceptional interest for science fiction *aficionados*), Judge Castillo ruled that, while the original features of FASA's robots were entitled to copyright protection, and FASA had protectable trade dress rights in its robot designs, Playmates' Exo–Squad line of toys were not substantially similar to FASA's toys based on the Battletech universe, the evidence did not show a likelihood of confusion between the two for purposes of the trade dress complaint, and Playmates had not engaged in unfair competition. *FASA Corp. v. Playmates Toys, Inc.*, 912 F.Supp. 1124 (N.D.Ill.1996) (*FASA III*). Earlier, he had granted Playmates' motion for partial summary judgment on FASA's claims of common law unfair competition, dilution, and tortious interference with prospective business advantage. *FASA Corp. v. Playmates Toys, Inc.*, 869 F.Supp. 1334 (N.D.Ill.1994) (*FASA I*), and somewhat later, he had denied Playmates' affirmative defense of waiv-

er. *FASA Corp. v. Playmates Toys, Inc.*, 892 F.Supp. 1061 (N.D.Ill.1995) (*FASA II*).

This left only the question of costs and attorneys' fees. At the conclusion of his opinion in *FASA III*, Judge Castillo made the following statement on that point:

> The bottom line in this case is that Playmates made a conscious business decision that it could proceed with the development of its EXO–SQUAD toy line after it had been given access to the BATTLETECH designs without the necessity or cost of obtaining a license from FASA. After extensive and undoubtedly costly litigation this business decision has been found by this Court not to violate FASA's legal rights. Nevertheless, the Court believes that the facts of this case do not warrant the imposition of any costs upon FASA for seeking to vindicate its legally protectable rights. This case is dismissed with prejudice with both sides to bear their own costs.

912 F.Supp. at 1174. Uncertain whether this ruling was intended to cover only costs, or if it meant to dispose of the attorneys' fees issue as well, Playmates filed a Motion for Attorneys' Fees within the time permitted for motions under Fed.R.Civ.P. 52(b). A few days later, in open court, Judge Castillo denied the motion. In so doing, he offered the following explanation:

> The only reason I'm making a record about this is to tell you that I've considered the case. I considered it very closely. I considered it against the standards that are set by the Lanham Act and the Copyright Act for attorneys' fees, and it was not an accident by any sense of the word that I indicated that the parties are to bear their own costs, which I fully interpreted to mean attorneys' fees. Maybe I should have made that clearer to save you this motion, but the standards, as I understand them, require some type of bad faith, some type of showing that a case is exceptional. I cannot conclude in good faith that those standards have been met, whether or not we're talking about the Trademark Act, and we're talking about the *B[ASF] Corp. versus Old World Trading Company*, which is the Seventh Circuit case in

1994, 41 F.3d 1081, or whether or not I look to the Supreme Court's case in *Fogerty versus Fantasy, Incorporated*, [510 U.S. at 517] 114 S.Ct. at 1023 [127 L.Ed.2d at 455] (1994) or whether I look at the way Judge Shadur has interpreted that in *Sassafras Enterprises [v. Roshco, Inc. ]*, 889 F.Supp. 343 [(N.D.Ill.1995)], and some of the Third Circuit and Second Circuit cases that I've taken a look at.

> I'm very mindful of the fact that this was an expensive piece of litigation. I'm very mindful of that, and I learned, I am telling you, the hard way about how much evidence was before the Court and how many nuances there were to that evidence, and it is with all of those things in mind that I'm going to deny your motion for attorneys' fees and deny your motion for clarification.

Playmates, which reports to this court that it spent in excess of $2.5 million defending itself against FASA's accusations, argues that the district court's remarks explaining why he was denying attorneys' fees reveal a mistake of law on the standard to be applied. In *Fogerty*, it argues, the Supreme Court made clear that section 505 of the Copyright Act, 17 U.S.C. § 505, does not require a prevailing party to prove either bad faith or exceptional circumstances in order to obtain its attorneys' fees. For its part, FASA does not disagree with that characterization of *Fogerty*, but it argues that the district court's mention of bad faith and exceptional circumstances pertained only to the Lanham Act ground for attorneys' fees, based on 15 U.S.C. § 1117. The citations to *Fogerty* and *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081 (7th Cir.1994), and the allusions to decisions in the Second and Third Circuits (which FASA speculates included *Lieb v. Topstone Industries*, 788 F.2d 151 (3d Cir. 1986) (developing approach later taken by the Supreme Court in *Fogerty* ) and *Diamond v. Am–Law Publishing Corp.*, 745 F.2d 142 (2d Cir.1984) (concluding that plaintiff's subjective bad faith was immaterial)), indicate to FASA that the court both knew of and applied the proper standard insofar as § 505 was at issue. Playmates responds that even if the district court properly understood

that *Fogerty* provides the governing standard, it abused its discretion in denying the fee petition in light of all the circumstances of the litigation (which both parties describe in detail in their briefs).

As Playmates points out, the standards for granting attorneys' fees to a prevailing party differ considerably between the Lanham Act, which governed the trademark parts of this litigation, and the Copyright Act. After setting forth what may be recovered as damages in a Lanham Act case for violation of a right held by a registered trademark holder, 15 U.S.C. § 1117 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." This court has observed that the "exceptional" cases to which the statute refers encompass "cases in which the acts of infringement are 'malicious, fraudulent, deliberate or willful.' " *BASF Corp.*, 41 F.3d at 1099 (citation omitted). Distinguishing between cases in which the plaintiff prevails and those in which the defendant prevails, the Fourth Circuit has held that a finding of bad faith on the part of a plaintiff is not necessary for a prevailing defendant to prove that the case is "exceptional," but a prevailing plaintiff would need to show that a defendant acted in bad faith in order to succeed. *Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 599 (4th Cir.1992).

The Supreme Court took a turn away from a mode of analysis that distinguishes between prevailing plaintiffs and prevailing defendants when it considered the Copyright Act's attorneys' fee provision in *Fogerty v. Fantasy, Inc., supra*, which may call into question the distinction that the Fourth Circuit adopted in *Scotch Whisky*. It remains true, however, that the language of the Lanham Act requires some kind of exceptional circumstances, and we see no reason why the bad faith of one of the parties may not be part of those exceptional circumstances. Section 505 of the Copyright Act stands in marked contrast to its Lanham Act counterpart:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer

thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. In *Fogerty*, the Supreme Court expressly approved the "evenhanded" approach to § 505 that the Third Circuit had adopted, citing *Lieb* with approval; it characterized the Second, as well as the Ninth, Seventh, and D.C. Circuits, as followers of a "dual" standard under which a greater burden had been placed on prevailing defendants than prevailing plaintiffs before fees could be awarded. See 510 U.S. at 521–22 & n. 8, 114 S.Ct. at 1027 & n. 8. The Court expressly disapproved the practice of awarding fees to prevailing defendants only upon a showing of frivolousness or bad faith, *id.* at 531–32, 114 S.Ct. at 1032, and it also rejected the argument that the "British Rule" requiring fees as a matter of course for the winner should be adopted, *id.* at 533, 114 S.Ct. at 1033. Instead, it opted for a middle ground, under which "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534, 114 S.Ct. at 1033. It agreed that the factors the *Lieb* court had identified as relevant could be used to guide the court's discretion, as long as they were applied in an evenhanded manner. That list included " 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Id.* at 534 n. 19, 114 S.Ct. at 1033 n. 19, quoting *Lieb* at 788 F.2d at 156. *See also Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1030 (7th Cir.1996) (noting that *Fogerty* required courts applying the Copyright Act to rely on one standard for awarding attorney's fees to prevailing parties).

We have, therefore, a situation in which the standard for awarding fees to Playmates for the trademark part of FASA's case is significantly stricter than the standard for the copyright portion. If the district court had awarded fees based on the stricter standard, it would have been rela-

tively easy to justify the award based on the more lenient standard as well. Here, however, the court opted to deny fees to the prevailing party. Much as we would like to put this litigation to an end, we are unable to discern from the remarks made in the hearing on the fee petition whether or not the court actually followed the correct standard for the copyright claims. In almost the same breath, the judge referred to the Lanham Act standard and *BASF*, to *Fogerty* and *Sassafras Enterprises, Inc. v. Roshco, Inc.*, 889 F.Supp. 343, 348 (N.D.Ill.1995) (correctly holding that *Fogerty* "made it clear that the standard for [an attorney's fee] award is the same for plaintiffs and defendants," and quoting the *Lieb* factors), and to unspecified Third *and* Second Circuit cases. Since the Supreme Court disapproved of the Second Circuit's approach, and since the Lanham Act standard does not apply in copyright cases, we cannot tell what the court intended to do here.

In its briefs, FASA has made a Herculean effort to parse the judge's comments, suggesting that perhaps he meant to refer to the bad faith and exceptional circumstances test to justify the denial of fees for Lanham Act purposes, and the circumstances as a whole to justify the denial of the fees for copyright purposes. This interpretation may gain some support from the *FASA III* opinion itself, where the court expressed the view that the case hung too closely in the balance to justify an award of costs for Playmates. (We note that costs under 28 U.S.C. § 1920 are normally awarded to the prevailing party as a matter of course, unless exceptional circumstances are present, *see Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996), or unless the case has a mixed outcome, *see Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir.1996). Here, Playmates has not contested the decision to deny its costs for § 1920 purposes; any argument it might have had on that point is therefore waived.) The word "costs" at the conclusion of a judicial opinion is a term of art, which normally does not encompass attorneys' fees. It is common for courts to enter a direction about costs and then to entertain a separate fees motion. Although Judge Castillo may have meant both costs and attorneys' fees, as

he indicated at the fee petition hearing, that takes us back where we started, to the problem of the standard he was using for a fee award.

Rather than attempting further to read between the lines of the judge's oral remarks, we prefer to send the fee question back to him to rule again on the petition under the applicable legal standards. We emphasize in this connection that *Fogerty* says that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." 510 U.S. at 534, 114 S.Ct. at 1033. As we have frequently noted, this standard is a generous one. See generally, *Monticello School Dist. No. 25 v. George L.*, 102 F.3d 895, 907 (7th Cir.1996) (attorney's fees under IDEA); *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir.1996) (attorney's fees under 42 U.S.C. § 1988). Our own review of this record does not leave us with the impression that the result of the fee petition could go only one way. The judgment with respect to the attorneys' fee petition is VACATED and REMANDED for further proceedings consistent with this opinion.