**Louis A. MOVITZ, as Trustee, and Estock Corporation, N.V., Plaintiffs,**

v.

**The FIRST NATIONAL BANK OF CHICAGO, Defendant.**

No. 86 C 2696.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 23, 1997.

---

Jerold Sherwin Solovy, Laura A. Kaster, James L. Thompson, Jenner & Block, Chicago, IL, Myron M. Cherry, Cherry & Flynn, Chicago, IL, for Plaintiffs Jawad Hashim, Estock Corp, N.V.

Peter A. Flynn, Cherry & Flynn, Chicago, IL, for Plaintiff Louis A. Movitz.

Kathleen Marie McCarthy, Winston & Strawn, Chicago, IL, Lynn Adrian Goldstein, Chicago, IL, Marjorie Press Lindblom, Kirkland and Ellis, New York, NY, for Defendant.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is Plaintiffs' Bill of Costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). For the following reasons, Plaintiffs' costs are granted in part.

### I. BACKGROUND

In December 1980, the Defendant acquired Corporate Atrium I, an office building in Houston, Texas, and managed it until May 1984 on behalf of the Plaintiffs. Allegedly, after learning of the Defendant's mismanagement of the building, the Plaintiffs terminated the Defendant. Chase Manhattan took over the management responsibilities. In late 1985, the Plaintiffs were advised that at least another $1,000,000 would be needed to salvage their investment. Rather than invest further capital, the Plaintiffs decided to allow the mortgage holder to foreclose on the building.

In May 1986, the Plaintiffs filed a complaint, alleging breach of fiduciary duty, common law negligence, and breach of contract. On March 27, 1997, a jury returned a general verdict in favor of the Plaintiffs, and against the Defendant, in the amount of $3,284,665. The Plaintiffs now seek $154,640.76 in costs. The Defendant objects and submits that the court should only award $14,092.69 to the Plaintiffs in costs.

### II. DISCUSSION

■ Under Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In order to award costs, however, the court must have specific statutory authority. *See Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987)).

■ 28 U.S.C. § 1920 (1994) specifies many of the costs that may be recovered pursuant to Rule 54(d). *Id.* at 644. Section 1920 allows the following costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. These costs are presumptively awarded to the prevailing party. *See FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir.1997). The losing party has the burden of affirmatively demonstrating that the prevailing party is not entitled to certain costs. *Id.; see also Truck Components Inc. v. Beatrice Co.*, No. 94 C 3228, 1996 WL 402520, at * 1 (N.D.Ill. July 15, 1996).

The Plaintiffs seek to recover the following costs:

| | |
|---|---|
| Fees of the Clerk | $ 60.00 |
| Fees for service of summons and subpoenas | $ 849.25 |
| Fees of the court reporter | $58,986.45 |
| Fees for witnesses | $ 9,693.96 |
| Fees for exemplification and copies of papers | $55,882.37 |
| Fees for Defendant's experts | $28,290.00 |
| Fees for long-distance calls | $ 878.73 |

The court will address each expense to determine (1) whether the Plaintiffs' expenses are allowable cost items under § 1920 and (2) whether the amounts are reasonable and necessary. *See Deimer v. Cincinnati Sub–Zero Prod., Inc.,* 58 F.3d 341, 345 (7th Cir.1995); *see also Cannella v. Anodyne Corp.,* No. 95 C 1012, 1997 WL 573398, at *7 (N.D.Ill. Sept.11, 1997).

### 1. Fees of the Clerk

The Defendant has no objection to the Plaintiffs' fees of the clerk. As such, the court awards $60.00 as reasonable and necessary costs under § 1920(1). .

### 2. Fees for Service of Summons and Subpoenas

■ The Plaintiffs seek $849.25 for fees for service of summons and subpoenas.[1] The Defendant objects to the entire amount. Although the Defendant agrees that such fees are allowable under § 1920(1), *see Collins,* 96 F.3d at 1060, the Defendant argues that the amounts sought are not reasonable or necessary because 19 of the 21 persons or entities subpoenaed did not provide testimony at trial. As for the two remaining persons, the Defendant argues that trial subpoenas were not necessary because the Defendant was willing to voluntarily produce its present and former employees at trial.

■ In order to award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary when served in light of the facts known at the time of service. *See Cannella,* 1997 WL 573398, at *18; *see also Shea v. Galaxie Lumber & Constr. Co.,* No. 94 C 0906, 1997 WL 51655, at *8 (N.D.Ill. Feb. 5, 1997) (Costs for service of subpoenas are "recoverable even if the witnesses do not testify at trial; the relevant question is whether the plaintiff 'reasonable believed ... that the testimony would be helpful.' ").

■ It appears from the Plaintiffs' Bill of Costs that 17 out of 21 persons or entities were subpoenaed to either testify at a deposition or to produce documents. The remaining four persons were subpoenaed to testify at trial; only two of these persons actually testified at trial. In order to show that the subpoenas were unreasonable or unnecessary, the Defendant must offer some evidence to show that it was unreasonable for the Plaintiffs to believe that the documents or the testimony were necessary at the time sought. *Cf. Cannella,* 1997 WL 573398, at * 18. The Defendant does not do so.

As for the 17 persons or entities subpoenaed to testify at a deposition or to produce documents, the mere fact that they did not testify at trial does not show that the depositions and documents were unreasonable or unnecessary. *Cf. Barber,* 7 F.3d at 645; *Cannella,* 1997 WL 573398, at * 18. Given that the Defendant offers no evidence to the contrary, the court finds that the Plaintiffs reasonably believed that these depositions and documents were necessary when the subpoenas were served. Therefore, the court finds that the subpoenas were reasonable and necessary at the time of service.

As for the two persons who were subpoenaed to testify at trial who did not, costs are allowable unless the Defendant shows that it was unreasonable for the Plaintiffs to have believed that their testimony may be helpful. *See Shea,* 1997 WL 51655, at *8. The Defendant offers no such evidence. The court further notes that the Defendant sought to quash one of these trial subpoenas before trial. At that time, the court held that the trial subpoena was reasonable and necessary because it found that the person subpoenaed, David Vitale, if called, would have relevant information regarding the issues in the case. (See court's order dated Aug. 13, 1996). Hence, the court finds that the Plaintiffs reasonably believed that these trial subpoenas were necessary at the time they were served.

■ As for the two persons who testified at trial, the Defendant's willingness to voluntarily produce them is not enough to show

---

**1.** The Plaintiffs seek $840.00 for service of subpoenas, calculated at the rate of $40.00 per service, and $9.25 for mileage, calculated at the rate of $0.25 per mile, incurred to effectuate service.

Such costs are allowable under § 1920. *Cf. Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996) (*citing* 28 U.S.C. § 1921(a)).

that the trial subpoenas were unnecessary. The Defendant does not plead that there was an agreement between the parties to that effect. Thus, it was reasonable for the Plaintiffs to believe that trial subpoenas were necessary to ensure that these two individuals would appear at trial to testify.

Since the Defendant has not satisfied its burden of showing why the subpoenas were not reasonable and necessary at the time of service, the court awards $849.25 as reasonable and necessary fees for service of summons and subpoenas under § 1920(1).

### 3. *Fees of the Court Reporter*

The Plaintiffs seek $1,880.90 for transcripts of pre-trial hearings, and $3,501.00 for trial transcripts, and $53,604.55 for deposition transcripts, totaling $58,986.45 for fees of the court reporter. Fees for the court reporter for transcripts necessarily obtained for use in the case are allowable costs under § 1920(2).

■ The Defendant objects to the entire amount sought for transcripts of pre-trial hearings. A prevailing party may recover costs for transcripts of pre-trial hearings if the case is complex, and the pre-trial hearings limited or clarified the issues. *See FMC Corp. v. United States,* No. 91 C 4784, 1994 WL 548212, at *1 (N.D.Ill. Oct.6, 1994). The court finds that transcripts were reasonably necessary to assist the Plaintiffs in effectively prosecuting this complex case. Thus, the court awards $1,880.90 as reasonable and necessary costs for transcripts of pre-trial hearings under § 1920(2).

The Defendant does not object to $3,501.00 as costs for trial transcripts. As such, the court awards $3,501.00 as reasonable and necessary costs for trial transcripts under § 1920(2).

The Defendant objects to 21 deposition transcripts, costing $25,224.95, because these transcripts were not used at trial. The Defendant also objects to nine deposition transcripts, costing $22,455.55, because the Plaintiffs allegedly prolonged these depositions

unnecessarily; hence, the Defendant argues that the cost should be reduced by two-thirds to $7,485.19.

■ In order for deposition transcripts to be allowed under § 1920(2), the court must find that the depositions were reasonably necessary " 'in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.' " *See Barber,* 7 F.3d at 645 (citations omitted). The deposition "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs." *Id.* Accordingly, the Seventh Circuit has "consistently maintained that costs may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken." *Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir.1995); see also *Truck Components Inc.,* 1996 WL 402520, at *2 (costs for deposition transcripts are allowable if they were reasonable and necessary at the time that the depositions were taken, "even if the witness was not called at trial or the deposition was not used at trial.").

■ Since the Defendant objects to $25,224.95 of the costs for deposition transcripts because these transcripts were allegedly not used at trial, the court presumes that these deposition transcripts were reasonable and necessary at the time the depositions were taken. The Defendant had the burden to demonstrate otherwise. See *FASA Corp.,* 108 F.3d at 144. Nevertheless, the court's own review of the itemized bill shows that the Plaintiffs inadvertently[2] included a $25.00 fee incurred to have Thomas Hawkins' deposition transcript "federal expressed" to them. Since this expense was incurred for the Plaintiffs' convenience, the court awards $25,224.95 minus the $25.00 fee, totaling $25,199.95.

■ As for the nine deposition transcripts, costing $22,455.55, the Defendant fails to offer any evidence that the Plaintiffs allegedly prolonged these depositions unnecessarily. The court's review of the Plaintiffs'

---

**2.** The court assumes that the mistake was inadvertent because similar costs were omitted in other instances.

Bill of Costs indicates that these depositions lasted between three and six days. The persons deposed were either the Defendant's officers and agents involved in acquiring and maintaining Corporate Atrium I or its expert witnesses. The Defendant offers no evidence to show that three to six days was not reasonably necessary to depose these persons. In fact, the court notes that a review of the Plaintiffs' Bill of Costs indicates that the Defendant took four to five days to depose Plaintiffs' expert witnesses, and six days to depose Dr. Jawad Hashim, the original investor. As such, the court awards $22,455.55 for these deposition transcripts as reasonable and necessary costs under § 1920(2).

Since the Defendant does not object to an award of $5,924.05 for the remaining deposition transcripts, it is awarded as reasonable and necessary costs for deposition transcripts under § 1920(2). Accordingly, the court awards $58,986.45 minus $25.00 for "federal express" delivery of Hawkins' deposition transcript, which totals $58,961.45 as reasonable and necessary for fees of the court reporter under § 1920(2).

### 4. Fees for Witnesses

The Plaintiffs seek $9,693.96 for witness fees. Witness fees, including mileage and subsistence, are allowable under § 1920(3) pursuant to 28 U.S.C. § 1821. The Defendant does not object to $4,508.99 of the costs. Thus, the court awards $4,508.99 as reasonable and necessary costs for witness fees under § 1920(3). The court will now address the remaining $5,184.97.

The Defendant's objections to the remaining costs for witness fees are as follows: (1) that some of the witnesses did not testify at trial and that their depositions were not introduced at trial; (2) that awarding witness fees and fees for service of subpoenas for the same witness would be double counting; (3) that some of the witnesses were experts; (4) that some of the witnesses were voluntarily willing to testify; and (5) that witnesses were brought to Chicago, Illinois to avoid travel costs of attorneys.

■ The Seventh Circuit has held that "witness fees compensate[ ] witnesses for their availability and readiness to testify rather than actual testimony." *Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir.1994). Fees for service of subpoena are paid to the marshal or to private process servers. *See Collins*, 96 F.3d at 1060; *see also* 28 U.S.C. § 1920(1). Fees for witnesses are paid to the witnesses for their availability to testify. *See Haroco, Inc.*, 38 F.3d at 1442; *see also* 28 U.S.C. § 1920(3). Thus, fees for service of subpoena and witness fees are two separate and distinct costs, and there is no "double counting" to award both costs.

■ All witnesses available to testify at a deposition or at a trial are to be paid the fees and allowances provided under 28 U.S.C. § 1821. "All witnesses" under § 1821 includes voluntary witnesses. *FMC Corp.*, 1994 WL 548212, at *3. Similarly, costs for expert witnesses are recoverable to the extent allowed under § 1821. See *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 865 (7th Cir.1981).

■ Of course, if travel costs of witnesses are incurred to avoid travel costs of attorneys, those costs should not be allowable. *See M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D.Ill.1997) ("It would seem logical that if an expert witness is brought to the moving attorney instead of the attorney going to the witness, the witnesses' travel expenses should be paid by the moving party.") In this case, the Defendant argues that the parties agreed to share the travel costs of William O'Connell; William Heuser; and Lawrence Williams to reduce the travel costs of attorneys. The Plaintiffs reply that no such agreement existed. Upon the court's review of Plaintiffs' Bill of Costs, and attached documents, the court finds that there is sufficient indication that the parties did so agree.

Correspondence dated March 20, 1991, and check numbers 13951 and 14017 show that the Plaintiffs paid the Defendant $1,149.47 as their share of Mr. Williams' deposition expenses. Correspondence dated January 3, 1992, and check number 15206 show that the Plaintiffs paid the Defendant $581.62 as their share of Mr. Heuser's deposition expenses. Correspondence dated January 27, 1993, and

check number 16405 show that the Plaintiffs paid the Defendant $1,199.00 as their share of Mr. O'Connell's deposition expenses. As such, the court finds that these expenses were incurred to avoid travel costs of attorneys. Since these costs would have been avoided if the attorneys would have traveled to the witnesses, these costs are not reasonable and necessary witness fees under § 1920(3). *Cf* 28 U.S.C. § 1920 (travel costs of attorneys are not recoverable).

Therefore, the court awards $9,693.96 minus Mr. Williams' fees of $1,149.47, Mr. Heuser's fees of $581.62, and Mr. O'Connell's fees of $1,199.00, which totals $6,763.87 as reasonable and necessary as fees for witnesses under § 1920(3).

## 5. *Fees for Exemplification and Copies of Papers*

The Plaintiffs seek $55,882.37 in exemplification and copies. Of that amount, $32,559.90 is for in-house photocopies; $23,226.97 is for copies at various copy centers; and $95.90 is for certified photocopies from the court clerk. The Defendant agrees that the court should award $95.90 for copies from the clerk. As for the remaining portion of the cost, the Defendant argues that it is not recoverable because the photocopies were not used at trial.

Section 1920(4) allows the prevailing party to recover costs incurred in copying discovery documents, pleadings and exhibits submitted to the court, as well exhibits used at trial. *See Finchum,* 57 F.3d at 534; *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1410 (7th Cir.1991). The Seventh Circuit has held that " '[t]he underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable.' " *Truck Components Inc.,* 1996 WL 402520, at *7 (alteration in original) (citing *Sangamo Constr. Co.,* 657 F.2d at 867).

The prevailing party need only provide "the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir.1991). If the " 'documentation establishes that these were copies made for this case for its attorneys

and billed in the normal course with the documents coming in[,]' " it is sufficient. *Id.* ("The court realized that a copying bill of more than $50,000 was large, but found it was not excessive 'in the context of a six-year paper war.' ")

Here, the Plaintiffs, through their attorney, have verified that the fees for copying includes only those photocopies that were necessary for the case. *Cf. M.T. Bonk Co.,* 945 F.2d at 1410 (The court held that it was not an abuse of discretion to award copying costs based on a party's verified calculation.). In addition, the Plaintiffs in-house photocopying costs were computer generated from a copy counter on the photocopier which automatically bills clients based on client codes. As such, it is reasonable to infer that the copies were billed in the normal course of litigation. *Cf. Northbrook Excess and Surplus Ins. Co.,* 924 F.2d at 643. Since costs are presumptively awarded to the prevailing party, *see FASA Corp.,* 108 F.3d at 144, it is reasonable to presume that much of the copies at various copy centers were of discovery documents produced by the Defendant.

Since the Defendant fails to offer any evidence to show that the copies were unreasonable or unnecessary, the awards $55,882.37 as fees for exemplification and copies of paper.

## 6. *Fees for Defendant's Experts*

The Plaintiffs seek $28,290.00 for fees incurred in deposing the Defendant's experts pursuant to Federal Rule of Civil Procedure 26(b)(4)(C) which requires "the party seeking discovery [to] pay the expert a reasonable fee for time spent in responding to discovery" requests. The Plaintiffs admit that such fees are not allowable under § 1920. Nevertheless, the Plaintiffs move the court to exercise its discretion to award such fees.

It is well established, however, that "the prevailing party can recover only the statutory amounts prescribed in § 1821 [for expert witnesses] and not additional expert witness fees." *Sangamo Constr. Co.,* 657 F.2d at 865. In enacting §§ 1920 and 1821, Congress made no special provisions for opposing party's expert witnesses. *Cf id.;*

("But Congress did specify that costs included the expense of court-appointed expert witnesses.") (citing 28 U.S.C. § 1920(6)). Despite Federal Rule of Civil Procedure 26(b)(4)(C), Congress did not provide for the prevailing party to recovery any costs incurred pursuant to that rule. *Id. see also Crawford Fitting Co.,* 482 U.S. at 443, 107 S.Ct. at 2498 (" 'Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses.' ") (citations omitted).

■ As such, the court concludes from congressional silence, that such costs are not recoverable. *Cf. Sangamo Constr. Co.,* 657 F.2d at 865; *see also O'Toole v. Kalmar,* No. 85 C 7380, 1990 WL 141431, at *4–5 (N.D.Ill. Sept.21, 1990) (The court held that federal courts addressing whether a party may recover costs expended in deposing an expert witness pursuant Federal Rule of Civil Procedure 26(b)(4)(C) was bound by the limitations set forth in §§ 1920 and 1821).

The court denies the award of $28,290.00 for fees incurred in deposing the Defendant's experts.

#### 7. *Fees for long-distance calls*

■ The Plaintiffs seek $878.73 for long-distance calls. Although the Plaintiffs admit that § 1920 does not allow such costs, the Plaintiffs argue that "exceptional circumstances" warrant such costs. However, it is well established that the court cannot award costs without specific statutory authority. *See Barber,* 7 F.3d at 644 (citing *Crawford Fitting Co.,* 482 U.S. at 440–41, 107 S.Ct. at 2496–97); *see also McClain v. Owens–Corning Fiberglas Corp.,* No. 89 C 6226, 1996 WL 650524, at *5 (N.D.Ill. Nov.7, 1996) ("No court in the Seventh Circuit has recognized the 'exceptional circumstances' exception.").

Accordingly, the court denies the award of $878.73 for fees for long-distance calls. *See Baker v. Netherton,* 206 B.R. 510, 515 (N.D.Ill.1997) ("the Court finds that the long distance telephone [charges] ... are not recoverable costs under § 1920.")

### III.   CONCLUSION

For the foregoing reasons, the court awards $122,516.94 to the Plaintiffs as recoverable costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). The specific costs awarded are as follows:

| | |
|---|---:|
| Fees of the Clerk | $ 60.00 |
| Fees for service of summons and subpoenas | $ 849.25 |
| Fees of the court reporter | $ 58,961.45 |
| Fees for witnesses | $ 6,763.87 |
| Fees for exemplification and copies of papers | $ 55,882.37 |
| Fees for Defendant's experts | $ 0.00 |
| Fees for long-distance calls | $ 0.00 |
| Total= | $122,516.94 |

IT IS SO ORDERED.