**John W. SULLIVAN and Susan R. Sullivan, Plaintiffs,**

v.

**William Lesley CHESHIER, Defendant.**

No. 93 C 47.

United States District Court, N.D. Illinois.

Jan. 8, 1998.

---

Thomas P. Ward, Lorijean G. Oei, Sarah Elizabeth Pace, McBride, Baker & Coles, Chicago, IL, for Plaintiffs.

Ronald E. Stackler, Barbara Weinstein Stackler, Stackler & Stackler, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On April 2, 1997, after a jury trial, judgment was entered in favor of the defendant, William Cheshier. Dr. Cheshier filed his original Bill of Costs on April 30, 1997, within the required 30–day period. On November 13, 1997, with permission of the court, Dr. Cheshier filed an Amended Bill of Costs seeking litigation costs of $29,430.49. Plaintiffs, John Sullivan and Susan Sullivan, object to the costs and ask the court to deny all costs or in the alternative, to reduce the

costs. For the following reasons, I award Dr. Cheshier $7,967.41.

■ "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). In awarding costs, "the court must determine that the expenses are allowable [under statutory authority] ... and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir.1991).

## Denial of All Costs

### A. Late Filing

A bill of costs must be filed within thirty days of the entry of judgment or costs will be deemed waived. N.D.Ill. Local R. 45(A). "Before any bill of costs is taxed, the party ... shall attach thereto an affidavit" stating that the costs are correct and were necessarily incurred in the case. 28 U.S.C. § 1924.

■ Plaintiffs argue that the court should deny all costs because Dr. Cheshier did not file a bill of costs and affidavit within the required 30–day period. "While it may be preferable for a party to file supporting documentation and authority along with (the bill of costs), 28 U.S.C. § 1924 does not appear to require it." *Piraino v. International Orientation Resource*, 1997 WL 222948, *2 (N.D.Ill.1997) (Coar, J.). An affidavit is only required under Section 1924 "before any bill of costs is taxed." *Id.* Dr. Cheshier filed his original Bill of Costs within the 30–day period. He subsequently received permission to file an Amended Bill of Costs and cured any defect by attaching an affidavit. Thus Dr. Cheshier's bill of costs was timely.

### B. Misconduct

■ "[T]he prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.) (quoting *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th

Cir.1975)), *cert. denied*, 513 U.S. 889, 115 S.Ct. 233, 130 L.Ed.2d 157(1994). The losing party must affirmatively show that the prevailing party is not entitled to costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988). Generally, only the non-prevailing party's inability to pay or misconduct[1] by the prevailing party worthy of a penalty justify denying costs. *Id.*

■ Plaintiffs claim that costs should be denied for misconduct because Dr. Cheshier exercised bad faith in preparing his original and Amended Bill of Costs. Plaintiffs do not cite any law to support this position. Courts in this district, however, have not denied costs because of any alleged misconduct in the preparation of a bill of costs. *See, e.g., Somat Corp. v. Somat Corp.*, 1993 WL 75155, *6 (N.D.Ill.1993) (Plunkett, J.). Therefore, this argument fails.

■ Alternatively, plaintiffs argue that Dr. Cheshier's numerous motions to extend discovery, to extend the date for the pretrial order, and to continue the trial date constitute misconduct. They claim that the motions evince a deliberate effort to delay and increase the expense of litigation. Although the motions for extensions appear numerous, they do not rise to the level of misconduct.

## Reduction of Costs

Dr. Cheshier seeks $8,297.54 in deposition transcript charges and $21,132.95 in costs related to expert witnesses. Dr. Cheshier is not entitled to all the costs that he lists. The court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

---

1. Examples of misconduct include calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings. *Congregation of the Passion,* 854 F.2d at 222.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### 1. Deposition Transcript Costs

■ Fees of a court reporter who makes the stenographic transcript of a deposition are recoverable if the deposition was necessarily obtained for used in the case. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943–44 (7th Cir.1988), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3241, 106 L.Ed.2d 589 (1989). Plaintiffs do not object to deposition charges related to John Sullivan ($931.80), Kathleen Blake Sullivan Nelson ($444.46), or Joseph Bolton Sullivan ($438.20). These costs are taxable under Section 1920(2) and are granted.

■ Plaintiffs object to the cost of Susan Sullivan's deposition ($2,419.50). They claim that there was no justification for a 489 page deposition. It is not abnormal to have a lengthy deposition of a party, and so I grant Dr. Cheshier this cost.

■ Plaintiffs object to transcript charges for Dr. Cheshier's deposition. They claim that he did not present a receipt for the $1,218.35 transcript charge for his deposition on September 7–8, 1995. Plaintiffs took Dr. Cheshier's deposition, and since they do not claim that the deposition did not occur, I will grant Dr. Cheshier this cost. However, I will reduce his deposition transcript charges on March 15 and May 10, 1995 from $1,218.35 to $1,024.15 since the receipts only support the latter amount. In total, Dr. Cheshier is entitled to $2,242.50 for his deposition transcripts.

■ Plaintiffs also object to two charges relating to Michael Yapko, Ph.D. ($1,216.75)[2] and Richard Kenneth Baer, Ph.D. ($194.20). They claim that these depositions were not necessary to the case. Whether or not the deposition was necessary must be determined "in light of the facts known at the time

of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993).

■ Dr. Yapko was designated by plaintiffs as their expert witness who would testify at trial. Even though Dr. Yapko prepared a written report as required under Federal Rule of Civil Procedure 26(a)(2)(B), deposing Dr. Yapko was still legitimately necessary for use in the case for purposes such as cross-examination. *See Gillman v. Crown Equip. Corp.*, 1996 WL 556706, *3 (N.D.Ill.1996) (Kocoras, J.) (allowing deposition costs of an expert witness).

■ Dr. Baer wrote a letter approving Dr. Cheshier's methods. Presumably, he could have been a witness who would testify to the validity of Dr. Cheshier's actions. At the time he was deposed, it was reasonable to believe that Dr. Baer's testimony might be necessary. Even though Dr. Baer was later determined to be incompetent to testify, costs may be awarded for deposing a witness even if the witness was not called at trial. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir.1995). Therefore, I grant the deposition costs of both Dr. Yapko and Dr. Baer.

■ The remaining cost of $70.00 must be denied because the documentation is insufficient to support the cost. Dr. Cheshier presents a receipt for $70.00 for a deposition attendance fee without identifying to which witness that fee relates.

### 2. Expert Witness Related Costs

■ Dr. Cheshier seeks numerous expert witness fees for the testimony of his expert, David Spiegel, M.D. ($5,000.00); Dr. Spiegel's expert report ($11,658.00); expert consultation with Dr. James Cavanaugh ($275.00); and the expert fee for the time the plaintiffs' expert witness, Dr. Yapko, spent at his deposition ($1,800.00). Section 1920(3) authorizes witness fees, however, the fees are limited to $40 per day of attendance at trial or at deposition. *See* 28 U.S.C. § 1821(a)(1),

---

**2.** Dr. Cheshier asks for $1,338.43 for Dr. Yapko's deposition. The invoice, however, only request-   ed payment of $1,216.75 for the deposition.

(b); *Bankston v. State of Illinois,* 60 F.3d 1249 1256 (7th Cir.1995). Since Dr. Spiegel spent two days attending this trial, Dr. Cheshier can recover $80.00 but is not entitled to recover the $5,000 fee or the $11,658 fee for his report. Dr. Cavanaugh was not a witness in attendance at any court or at a deposition, and thus, his fees are not recoverable. Finally, Federal Rule of Civil Procedure 26(b)(4)(C) requires that the party seeking the deposition of the opposing party's expert witness pay a fair portion of the expert's fees. Congress did not provide for the prevailing party to recover any costs, and thus, Dr. Yapko's fees are not recoverable. *Movitz v. First Nat'l Bank of Chicago,* 982 F.Supp. 571, 1997 WL 680781, *7 (N.D.Ill. 1997) (Norgle, J.).

■ Dr. Cheshier seeks $1,948.30 for his attorney's travel expenses in attending depositions. Travel expenses of attorneys in attending depositions are not recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975).

■ Dr. Cheshier seeks $276.65 for copying costs. These costs were incurred in copying deposition transcripts for Dr. Spiegel. "[C]opies of papers necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). Extra copies of documents for the convenience of attorneys and their witnesses are not necessary. *Robinson v. Burlington Northern Railroad Co.,* 963 F.Supp. 691, 694 (N.D.Ill.1997). Thus, I deny this cost.

■ Finally, Dr. Cheshier seeks $175.00 for a registration fee for a False Memory Syndrome Foundation Seminar. This cost cannot arguably fall under any of the categories outlined in 28 U.S.C. § 1920 and is denied.

### Conclusion

For the reasons stated above, Dr. Cheshier is entitled to costs in the amount of $7,967.41.