**SCHERING CORPORATION and Biogen, Inc., Plaintiffs,**

v.

**AMGEN, INC., Defendant.**

**No. Civ.A. 96–587 MMS.**

United States District Court, D. Delaware.

Feb. 3, 1999.

**376**

Steven J. Balick, Steven T. Margolin, Ashby & Geddes, Wilmington, DE, Gerald Sobel, Aaron Stiefel, Daniel DiNapoli, Kaye, Scholer, Fierman, Hays & Handler, LLP, New York City, James F. Jr., Haley, Fish & Neave, New York City, for plaintiffs.

Richard K. Herrmann, Blank, Rome, Comisky & McCauley LLP, Wilmington, DE, John J. McDonnell, Daniel A. Boehnen, Grantland G. Drutchas, McDonnell, Boehnen Hulbert & Berghoff, Chicago, IL, D. Dennis Allegretti, of Burns & Levinson LLP, Boston, MA, for defendant.

## OPINION

SCHWARTZ, Senior District Judge.

Schering Corporation and Biogen, Inc. (collectively "Schering") initially filed a patent infringement suit against Amgen, Inc. ("Amgen") alleging infringement of its U.S. Patent No. 4,530,901 entitled "Recombinant DNA Molecules and Their Use in Producing Human Interferon–Like Polypeptides" (" '901 Patent"). After a hearing pursuant to *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the Court issued an Opinion and Order construing the claims of Schering's '901 patent. *Schering Corp. v. Amgen, Inc.,* 18 F.Supp.2d 372 (D.Del.1998). Schering then moved for reargument on one of the seven claim constructions, namely the Court's interpretation of the language "a polypeptide of the IFN-(alpha) type." This Court denied Schering's motion for reargument. *Schering, Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293 (D.Del.1998).

Schering now moves for entry of judgment in favor of Amgen on plaintiffs' infringement claim and for dismissal of Amgen's validity and patent misuse counterclaims as moot in order to expedite an appeal of the Court's claim interpretation decision. Amgen also filed a motion for summary judgment of noninfringement,[1] as well as a motion for attorneys' fees. For the reasons detailed below, the Court will grant Schering's motion for entry of judgment in favor of Amgen and dismiss without prejudice Amgen's counterclaims as moot.

Plaintiff previously advised the Court that under the Court's claim interpretation decision of July 30, 1998, it cannot succeed on its claim that Amgen's consensus interferon product infringes the '901 Patent. In a letter to the Court on August 28, 1998, plaintiff's counsel advised that if reargument were denied, Schering cannot pursue a case of infringement. Counsel stated:

> In other words, the Court's claim construction requires a finding of noninfringement; plaintiffs cannot advance sufficient evidence to allow a reasonable jury to conclude that Amgen's consensus interferon is equivalent to that claim phrase as currently construed by the Court.

In a separate letter, plaintiff's counsel explained, "if the Court declines to revise its earlier construction, then there is no case to try, and rather than waste everyone's resources on a meaningless trial we would prefer to take an immediate appeal to the Federal Circuit and obtain prompt appellate review." (Letter to the Court on September 1, 1998 by Plaintiff's Counsel.) Schering formalized its position by filing a motion requesting entry of judgment in favor of Amgen and dismissal of Amgen's counterclaim as moot. Schering is thus asking for the functional equivalent of a grant of summary

---

1. Amgen's motion includes a proposed order detailing thirty-five "undisputed" facts. *See infra.*

judgment against it and in favor of Amgen, so that there is an appealable final judgment.

Similarly, the defendant seeks a judgment that it does not infringe the '901 patent. It explained to the Court on September 1, 1998, "[t]he only proper procedure in this case at this time is for plaintiffs to concede to entry by the Court, upon proper motion and stipulation by the parties, of a judgment of no infringement by Amgen." The Court is therefore presented with the unique situation in which both parties agree that a judgment of noninfringement of the '901 Patent should be entered against the plaintiffs. However, they cannot agree upon the means by which this action should be accomplished. Schering's motion asks for entry of judgment in favor of Amgen and dismissal of Amgen's counterclaims as moot. Amgen on the other hand offers its own motion for summary judgment and proposed order. Amgen's submission details thirty-five "undisputed" facts, which it states will provide the Federal Circuit Court of Appeals with adequate grounds to review the noninfringement issue as a matter of law upon appeal, even if it modifies the Court's claim interpretation decision.

■ In order to consider Schering's motion, the Court must determine whether the Federal Circuit would approve of an entry of a judgment of noninfringement under these circumstances. In addition, the Court must decide whether, on the facts as described above, it is within its discretion to dismiss a party's counterclaims as moot. Finally, the Court must consider whether grant of Schering's motion would be the most judicious approach towards resolving this matter.

The Federal Circuit disfavors direct appeals from *Markman* decisions. *See, e.g., Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1479 (Fed.Cir.1998) (Newman, J.

and Mayer, J., concurring) (noting that while *Markman* hearings are common, to date the Federal Circuit has declined interlocutory review of claim construction decisions in all certified questions brought before it). However, the Federal Circuit has decided appeals from judgments that were entered based on a party's concession that it cannot succeed under the Court's claim interpretation.[2] For example, in *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed.Cir.1996), the Court heard an appeal following the plaintiff's concession of noninfringement after an adverse claim construction decision by the District Court. The District Court granted judgment as a matter of law for the defendant, upon the plaintiff's request, in order to expedite the appeal. Upon concluding the District Court erred in its claim construction, the Federal Circuit reversed the judgment and remanded for further proceedings. Similarly, in *Mantech Environmental Corp. v. Hudson Environmental Services, Inc.,* 152 F.3d 1368 (Fed.Cir.1998), the Court heard an appeal from a District Court's grant of summary judgment based on plaintiff's concession that it could not prove infringement under the Court's claim construction.

This Court could not find any criticism by the Federal Circuit of the approach which the plaintiffs advocate in this case. In fact, the Court has indicated its support for such a procedure. In *York Products, Inc. v. Central Tractor Farm & Family Center,* 99 F.3d 1568 (Fed.Cir.1996), the Court approved of a plaintiff's decision to consent to judgment of noninfringement, in light of an adverse claim construction decision, in order to pursue an appeal more expeditiously. The *York* Court stated,

> York consented to entry of JMOL to expedite its appeal and to conserve both its client's and the court's resources. Because it expressly raised and reserved objections on the claim interpretation issues on ap-

**2.** The Federal Circuit's approach is perhaps explained by the parties' intensity of preference for challenging adverse claim construction decisions. If the Federal Circuit hears interlocutory appeals of claim interpretations, a party who is dissatisfied with the District Court's interpretation, but still considers itself able to proceed with the lawsuit, would seek an immediate appeal of the claim construction decision. However, if a party must first consent to a final judgment of noninfringement, it will only challenge a claim construction decision when it concludes it cannot prove infringement under the claim interpretation. By denying interlocutory appeals, the Federal Circuit will only hear appeals from adverse claim construction decisions where the party concludes its case is irreparably harmed by the lower court's claim interpretation.

peal, York has not waived its rights. To the contrary, York has proceeded responsibly to avoid needless expenditure of the resources of the parties and this court. *Id.* at 1571. The *York* Court considered the plaintiff's actions to be the prudent course of action in a situation where a party concedes it cannot succeed under a District Court's claim interpretation. Similarly, Schering has advised the Court that it cannot succeed in an infringement action against the defendant under the Court's claim interpretation. The prudent course of action, as in *York*, is to enter judgment in favor of Amgen, in order to facilitate Schering's appeal of the claim construction decision.

■ Schering has also moved for dismissal of Amgen's counterclaims as moot. The Federal Circuit has held that, "a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. Northern Telecom, Inc.,* 133 F.3d 1459, 1468 (Fed.Cir.1998); *see also, Nestier Corp. v. Menasha Corp.-Lewisystems Div.,* 739 F.2d 1576, 1580 (Fed.Cir. 1984). In *Phonometrics,* the District Court granted summary judgment of noninfringement for the defendants and dismissed their counterclaims of patent invalidity and unenforceability as moot. The Federal Circuit upheld the District Court's actions, stating that it was within the court's discretion to dismiss such counterclaims. In this case, the Court in the exercise of its discretion will follow the same procedure and enter a judgment of noninfringement against Schering and in favor of Amgen and dismiss Amgen's counterclaims as moot. The rationale for this exercise of discretion is explained below.

Both Amgen and Schering agree that a judgment of noninfringement should be entered in favor of Amgen. Amgen is asking this Court to expand the record by including an order detailing thirty-five "undisputed" facts, so that the Federal Circuit Court could still review the noninfringement issue as a matter of law, even if it modifies the Court's claim construction decision. However, these facts are not "undisputed," and in order to expand the record, the Court would have to proceed with a trial to have a jury determine the facts. Continuation of the suit in this fashion is both unnecessary and wasteful. If the Federal Circuit Court affirms this Court's claim construction decision, Schering has vowed not to pursue any further proceedings as it cannot succeed. If, however, the Federal Circuit Court disagrees with this Court's claim construction, it most likely would remand for further proceedings. A remand carries with it the potential for a trial which would necessarily encompass the revised claim construction, as well as the validity and enforceability of the '901 patent. In short, the trial on remand would conceivably address issues not contemplated under Amgen's proposal. If that be the case, the trial presently contemplated by Amgen would have been a complete waste of time and effort, both at the trial and on review at the appellate level.

Judgment will be entered against Schering and in favor of Amgen on plaintiffs' infringement claim. The Court will also dismiss without prejudice Amgen's counterclaims as moot.

Finally, the Court will deny Amgen's motion for attorneys' fees with leave to renew following the decision by the Federal Circuit Court of Appeals.