Perry T. JONES and Robert H. Skaletsky, Plaintiffs,

v.

BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 a/k/a City Colleges of Chicago, Defendant.

No. 98 C 1801.

United States District Court, N.D. Illinois, Eastern Division.

May 3, 2000.

Maurice Grant, Law Offices of Maurice Grant, Chicago, IL, for Plaintiffs.

Dennis P.W. Johnson, Pugh, Jones & Johnson, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Perry Jones and Robert Skaletsky filed an age discrimination lawsuit after they were fired from their positions as auditors at the City Colleges of Chicago. The case went to trial, and a jury rendered a verdict in favor of the defendants. A prevailing party in a civil suit may recover costs pursuant to Federal Rule of Civil Procedure 54(d)(1). These costs are presumptively awarded to the prevailing party unless the losing party demonstrates that the prevailing party is not entitled to certain costs. *See FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir.1997). Having prevailed at trial, the defendants here file a bill of costs, and I deal with plaintiffs' objections below.

### Trial Subpoenas and Witness Fees

Plaintiffs object to the costs to subpoena Sandra Leavell and Judy Parker because they were not named or used as witnesses and Darnell Leavell because plaintiffs announced their intent to call him. The defendants respond that Sandra Regan, the records custodian of Chicago State University, was named as a witness but not called; the process server mistook her last name on the bill. They concede that Judy Parker was not named as a witness, but claim they intended to call her to rebut the plaintiffs' anticipated damages testimony, which never materialized. If a witness is subpoenaed to appear at trial in good faith, the costs may be taxed even if the witness does not actually testify. I therefore allow the costs related to Sandra Regan. However, the defendants may not recover the witness fee and cost to serve Judy Parker, who they did not disclose as a potential trial witness. I agree with the defendants that they cannot rely on their opponents to call a key witness not under their control, so they can recover for Mr. Leavell's subpoena and witness fee.

The plaintiffs also object to witness fees paid to Ken Koroma and Jack Calabro as being above the permitted $40 fee. The defendants claim the additional ten dollars was due to mileage incurred but do not offer how many miles each witness traveled—which is coincidentally the same for each of them. I therefore limit these witness fees to $40.

### Printing and Copying Expenses

The plaintiffs object to nearly every copying and printing expense submitted as "not necessarily incurred." The five copies of the summary judgment brief in invoice # 24806 are three more than what is permitted. *Martin v. United States*, 931 F.2d 453, 455 (7th Cir.1991); *Barnett v. City of Chicago*, 1999 WL 138813, *5 (N.D.Ill.1999)(prevailing party can recover only for one copy to court and copy to opponent). I therefore reduce this bill to $99.60 (2 copies of 478 pages at .10 cents per copy plus the cost to bind two booklets). In addition, the defendants cannot recover the four copies of its discovery production it seeks in invoice # 23487. Presumably, these were defendants' own documents, and they have shown no reason—other than counsel's convenience, which is insufficient—why even one copy was necessary. *Baxter Int'l Inc. v. McGaw, Inc.*, 1998 WL 102668, *2 (N.D.Ill.1998) (additional copy of production documents disallowed). The in-house rate of $.15 per copy for 4,257 pages of trial exhibits seems high, but plaintiffs do not object to the internal rate being higher than the rates the defendants attained for outside service, so I grant the charges.

### ASCII Disks

The defendants are not entitled to recover the charge for ASCII diskettes of deposition transcripts, which are merely for the attorneys' convenience. *Uniroyal Good-*

*rich Tire Co. v. Mutual Trading Corporation,* 1994 WL 605719, *4 (N.D.Ill.1994).

### Other Costs

■ Finally, the $25 charge to retrieve the unrelated tax court case file of one of the plaintiffs is denied, since it was not necessary to the litigation and defendants present no legal support for this charge which is not one enumerated in 28 U.S.C. § 1920.

The plaintiffs' remaining objections lack the requisite specificity or legal support given the supporting documentation offered by the defendants. Therefore, the defendants' bill of costs is granted, as modified. Plaintiffs are hereby ordered to pay $4,367.47.